A98A1628. PORTER v. THE STATE.
(503 SE2d 912)

ELDRIDGE, Judge.
The defendant, Antonio Porter, was convicted by a jury for the offenses of: (1) Count 1, entering an automobile and (2) Count 3, obstruction of a law enforcement officer by refusing to cooperate in being fingerprinted.[1] In his sole enumeration of error, the defendant challenges the sufficiency of the evidence.

Viewing the evidence in the light most favorable to the jury's verdict, the following was shown: On January 21, 1997, at approxi-

---

[1] The defendant was found not guilty of Count 2, obstruction of a law enforcement officer by refusing to provide his name, address, and social security number to the arresting officer.

mately midnight, Tashun Howard was sitting in her parked car in the parking lot of the Subway store in Bainbridge, Decatur County. Howard observed the defendant ride a bicycle by her car, continue to the other side of the Subway store, and walk back toward her car without his bicycle. Howard testified that as the defendant approached her car, she locked the car doors. When she locked the car doors, the defendant made a "U-turn" and went inside the Subway store.

After a short period of time, the defendant exited the Subway store and walked back around to the other side of the store out of Howard's sight. While the defendant was on the other side of the Subway store, Joyce Buckhalter parked her car beside Howard and, leaving her car doors unlocked, went inside Subway. Howard recognized Buckhalter because they had gone to high school together. While Buckhalter was in Subway, the defendant entered her car, took some lawn chairs and other items out, and hid the items near the trash can behind the Subway store.

When Howard's boyfriend came out of the Subway store, they left and reported the incident to Officer Matt Cloud of the Bainbridge Public Safety Department. After requesting assistance from Officer Ryan Wimberly over the radio, Officer Cloud proceeded to the Subway store. Howard and her boyfriend followed him there. On the way back, Howard saw Buckhalter at a nearby Amoco Station. When they reached the Subway store, Officer Wimberly went to the Amoco Station to attempt to intercept Buckhalter.

When Officer Wimberly reached the Amoco Station, Buckhalter was exiting the parking lot. Officer Wimberly pulled Buckhalter's car over and requested that she pull into the parking lot of the Subway store. At the officers' request, Buckhalter opened the trunk of her car to ascertain if her lawn chairs had been removed. The defendant was hiding in the trunk. Buckhalter's car had a rear seat which folded down to provide access to the trunk area. Defendant admitted that he entered the trunk of the car by folding the back of the rear seat down. The back of the rear seat had been repositioned so that the defendant was not visible from the interior of the car.

The officers drew their guns and ordered the defendant to get out of Buckhalter's car. The defendant refused to obey the officers' orders to lie on the ground. The officers had to "wrestle" him to the ground and forcibly handcuff him. The defendant refused to give his name, address and social security number and refused to let the officers fingerprint him.

When reviewing a conviction, this Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Cit.]" (Empha-

sis in original.) *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). The defendant testified that he and Buckhalter were romantically involved and that he had hidden in the trunk of Buckhalter's car with her permission so that her boyfriend would not see them together. However, Buckhalter denied the defendant's allegations and stated that she had never seen the defendant previously and had never given him permission to be in her car. Both officers testified that, when Buckhalter opened her trunk and found the defendant, Buckhalter screamed in fright. Further, the defendant called Buckhalter by an incorrect name.

"[I]t is the function of the jury, and not this Court, to resolve conflicts in the evidence. This Court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses." (Citation and punctuation omitted.) *Kapua v. State*, 228 Ga. App. 193, 195 (491 SE2d 387) (1997). The jury chose to believe the victim. Viewed in the light most favorable to the verdict, the evidence was sufficient to enable a rational trier of fact to find the defendant guilty of entering an automobile and obstruction of a law enforcement officer by refusing to cooperate in being fingerprinted. *Jackson v. Virginia*, supra.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JULY 9, 1998.

*Billy M. Grantham*, for appellant.

*J. Brown Moseley, District Attorney, John A. Warr, Assistant District Attorney*, for appellee.