## A99A0871. HOLIDAY v. THE STATE.
### (515 SE2d 423)

ELDRIDGE, Judge.

Johnny Holiday appeals from a DeKalb County jury's verdict finding him guilty of aggravated assault with a handgun. In his sole enumeration of error, Holiday challenges the sufficiency of the evidence introduced against him. We affirm his conviction.

In a light most favorable to upholding the jury's verdict,[1] the evidence shows that Keith Williams and Johnny Holiday had known each other since high school and saw each other frequently because both resided at the Wildwood Apartments in DeKalb County. At some point, Williams allowed Holiday to borrow $40. In return, Holiday gave Williams his radio and stereo amplifier to hold. Apparently, Holiday was to pay back the $40 the next day, but he did not. After two weeks, Williams sold Holiday's radio and amplifier, which action angered Holiday.

Shortly thereafter, Holiday approached Williams in the parking

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

lot of the apartment building. Williams was returning from McDonald's with take-out food. As Williams exited his Monte Carlo, McDonald's bag in hand, Holiday "drawed down on me," i.e., pulled a gun on Williams. Williams dropped the McDonald's bag and hit Holiday's arm. The weapon fell to the ground. A friend of Holiday's retrieved the weapon and returned it to Holiday as Williams ran around to the passenger side of the Monte Carlo and stopped. Holiday came after Williams and tried to "slap him with the gun." The weapon fired hitting Williams in the neck. At that point, "I had — only thing that was in my head was get the gun from him. I didn't have no gun. He had a gun, and ain't nothing I could do but try to fight." Williams charged Holiday. The gun barrel struck Williams' chest, and the weapon fired, hitting Williams. Holiday tried to shoot Williams again, but the gun jammed. Williams ran to his apartment, and his girlfriend called 911.

Officer M. A. Carani of the DeKalb County Police Department answered the 911 call. He found Williams in the bathroom of his apartment, "sitting on the floor with his back against the wall. He had been shot at least once in the chest. He had a hole in his chest. He also had a hole in the back of his neck. . . . He was conscious. He was bleeding, I would say, fairly heavily. I was able to communicate with him. I asked him what happened." Just before he lost consciousness, Williams told the officer that Holiday, a/k/a "Sweet," shot him. Williams was transported to Grady Hospital.

Pursuant to subsequent investigation, Officer Carani located Williams' Monte Carlo. There was a McDonald's bag with food in it just outside the driver's door of the car, consistent with Williams' statement and trial testimony that he had just come from McDonald's and dropped the bag when Holiday approached him with the gun. Also, McDonald's drink cups were in the cup holders of the vehicle. Blood was found on the ground on the passenger side of the car, as well as on the outside of the passenger side door, consistent with Williams' statement and trial testimony that he ran around the Monte Carlo to the passenger side where he was shot in the chest. A .380 caliber shell casing was found under the right front tire. *Held*:

Before this Court, Holiday maintains that the above-referenced evidence is insufficient because the State's only eyewitness, the victim Williams, was impeached by the introduction of prior criminal convictions and because the defense put forward another alleged eyewitness who testified that Williams was the one holding the gun during the altercation, not Holiday. However, "[t]he success of an attempt to impeach a witness is always a jury question, as is the credibility of the witnesses." (Citation and punctuation omitted.) *Stephens v. Adkins*, 226 Ga. App. 648, 649 (2) (c) (487 SE2d 440) (1997).

This Court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. The jury chose to believe the victim. Viewed in the light most favorable to the verdict, the evidence was sufficient to enable a rational trier of fact to find the defendant guilty of [aggravated assault with a handgun].

(Citations and punctuation omitted.) *Porter v. State*, 233 Ga. App. 337, 339 (503 SE2d 912) (1998).
*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED APRIL 1, 1999.

*Jerome C. McKee*, for appellant.
*J. Tom Morgan, District Attorney, Robert M. Coker, Melissa L. Himes, Assistant District Attorneys*, for appellee.