A00A0970. JABER v. THE STATE.
(533 SE2d 767)

MCMURRAY, Senior Appellate Judge.

A DeKalb County jury convicted defendant of theft by taking.[1] The superior court denied defendant's motion for new trial, and he

---

[1] OCGA § 16-8-2.

appeals, contending the evidence was insufficient to support his conviction in that the testimony of State's witness Jason Isherwood was uncorroborated. *Held*:

Defendant's challenge to the sufficiency of the evidence is without merit. Isherwood pertinently testified that he showed defendant his fiancée's 1991 Chrysler convertible in an effort to help her sell the vehicle. When the defendant expressed concern that the vehicle's exhaust system might not be working properly, Isherwood allowed the defendant to take the wheel in a Metropolitan Atlanta Rapid Transit Authority station parking lot as he observed on foot. Isherwood testified that the defendant stole the convertible by simply driving it out of the parking lot.

Defendant disputes Isherwood's testimony on appeal, arguing that the pretrial statement he gave Assistant District Attorney Marty First is "more believable" than Isherwood's uncorroborated testimony. At trial, State's attorney First testified that upon interviewing the defendant after his arrest, defendant told him that he met Isherwood, whom he knew only as Jason, at a Cobb County "strip club"; that he and Isherwood later met at the MARTA station parking lot; and that he took possession of the convertible with Isherwood's consent to "hold" until Isherwood paid off a $2,500 debt owed defendant for computers defendant sold him. Other evidence of record, however, revealed that defendant had given a contrary pretrial statement to Detective D. V. Zagorin immediately after being arrested. "It is the function of the jury, and not this Court, to resolve conflicts in the evidence. This Court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses."[2] Here the jury chose to believe State's witness Isherwood. "The testimony of a single witness is generally[3] sufficient to establish a fact. The credibility of a witness is a matter to be determined by the jury under proper instructions from the court[,]"[4] and that a witness' testimony is uncorroborated "only goes to the weight of the evidence and the credibility of the testifying witness, which is solely within the purview of the jury."[5] Viewed in the light most favorable to the verdict, the evidence was sufficient to authorize a rational trier of fact to find the

---

[2] (Citations and punctuation omitted.) *Porter v. State*, 233 Ga. App. 337, 339 (503 SE2d 912).

[3] The general rule, for example, is inapplicable where the sole witness in a felony trial is an accomplice. In that event there must be corroboration of the witness' testimony for a conviction to stand. *Malcolm v. State*, 263 Ga. 369 (1), 370 (434 SE2d 479).

[4] (Citations and punctuation omitted.) *Maloy v. State*, 237 Ga. App. 873, 874 (1) (516 SE2d 370).

[5] (Citations omitted.) *Samuels v. State*, 223 Ga. App. 275, 276 (1) (477 SE2d 414).

defendant guilty of theft by taking beyond a reasonable doubt.[6]
*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED APRIL 13, 2000.

B. Thomas Cook, Jr., for appellant.
J. Tom Morgan, District Attorney, Barbara B. Conroy, J. Michael McDaniel, Assistant District Attorneys, for appellee.

---

[6] *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560).
[1] *Shelnutt v. State*, 242 Ga. App. 723 (531 SE2d 122).