## A00A2134. WILLIAMS v. THE STATE.
(543 SE2d 408)

ELDRIDGE, Judge.

A Columbia County jury convicted James Raphael Williams of rape (OCGA § 16-6-1), aggravated sodomy (OCGA § 16-6-2), and pos-

session of a firearm during the commission of a crime (OCGA § 16-11-106).[1] Defendant appeals contending the superior court erred in denying his motion for new trial grounded upon claims of evidentiary insufficiency and ineffectiveness of trial counsel. Finding no merit in defendant's enumerations of error, we affirm. *Held*:

Viewed in the light most favorable to the jury's verdict, the evidence shows that the victim was at home with her mother and father on the evening of January 10, 1998, when the defendant, her ex-boyfriend, arrived at the front door. Angry words passed between the two in the doorway, and as the victim attempted to terminate the conversation, the defendant grabbed her clothing and pulled her from the house, telling her at gunpoint she was going with him. The defendant forced the victim into the backseat of his car and got in with her. He then directed State's witness Michael Ross[2] to drive away, Ross having remained in the defendant's vehicle after the two arrived at the victim's residence. The defendant had Ross stop when they were safely beyond the victim's house, got behind the wheel, and proceeded to Groveton. There the defendant dropped Ross off at his father's trailer, then continued to his own, several trailers down. Once in his bedroom in the trailer, the defendant ordered the victim, again at gunpoint, to get undressed and go into the living room. In the interim, Ross walked the distance to defendant's trailer and was seated in the living room when the victim got there. Naked, the victim took a seat on the living room couch. Thereafter, on being directed to do so by the defendant with the weapon beside him, she twice performed fellatio on the defendant and once on Ross. Similarly, the defendant forced her to submit to sexual intercourse while in the living room, two times with him and one time with Ross. This done, the defendant permitted the victim to return to the bedroom to get dressed, then went there himself, still armed, and told her "they were going to have sex again." After forcing the victim to submit to sexual intercourse with him a third time, defendant and Ross took her home, dropping her five minutes from her house on foot. The victim summarized the defendant's parting comments as, "I better call him at twelve o'clock, and I better not call the police because he say

---

[1] The crimes occurred on or about January 10, 1998. Defendant was indicted on January 28, 1998. Trial began on March 26, 1998, and on March 27, 1998, the jury returned guilty verdicts as to each count of the indictment. The superior court sentenced the defendant to concurrent ten-year sentences as to the rape and aggravated sodomy offenses and to a five-year sentence to be served consecutively on the possession of a firearm during the commission of the crimes charged. The superior court denied defendant's motion for new trial on February 8, 2000. Defendant filed his notice of appeal on February 14, 2000, and the case was docketed in this Court on June 9, 2000.

[2] The grand jury indicted defendant and Ross as co-defendants upon rape and aggravated sodomy charges. At trial, Ross testified as a State's witness pursuant to a negotiated plea agreement.

he know my family. If he don't get me, he'll get one of — somebody in my family." The victim was crying as she rang her doorbell. Her mother asked the victim what happened, then called the police. Arrests followed.

1. The superior court did not err in denying the defendant's motion for new trial grounded upon defendant's claim the evidence was insufficient to support his convictions. The defendant points to aspects of the victim's testimony as in conflict with prior statements she made at the rape crisis center adduced on cross-examination to impeach her[3] and as in conflict with the testimony of State's witness Ross. The jury resolved the conflict in the evidence and found against the defendant. "On appeal this Court determines evidence sufficiency. We do not weigh the evidence or determine witness credibility. *Davis v. State*, 225 Ga. App. 627 (1) (484 SE2d 655) (1997)." *Elrod v. State*, 238 Ga. App. 80, 81 (1) (517 SE2d 805) (1999). Further, "the success of an attempt to impeach a witness is always a jury question, as is the credibility of the witnesses." (Citations and punctuation omitted.) *Holiday v. State*, 237 Ga. App. 490, 491 (515 SE2d 423) (1999). We have reviewed the evidence in the light most favorable to the prosecution and conclude that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Neither did the superior court err in denying defendant's motion for new trial upon defendant's claim his trial attorney was ineffective because he: (a) failed to call the rape crisis center intake clerk or the examining physician to bolster his impeachment of the victim at trial upon her initial statements as to the charged offenses; and (b) failed to call character witnesses he requested. "To show ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense." *Suggs v. State*, 272 Ga. 85, 87 (4) (526 SE2d 347) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

Failing to call rape crisis center personnel as witnesses, even if deficient (and we do not so hold), was not ineffective since there is here no showing of prejudice, i.e., the record reflects that trial counsel vigorously impeached the victim upon her rape crisis center medical record, as pertinent. *Williams v. State*, 242 Ga. App. 1, 2-3 (528 SE2d 521) (2000); *Holmes v. State*, 205 Ga. App. 168, 170 (3) (421

---

[3] At trial, the victim testified she was forced to perform fellatio and was the victim of vaginal intercourse against her will. The medical reports upon which trial counsel cross-examined the victim showed that she denied being forced to perform fellatio when interviewed at the rape crisis center.

SE2d 311) (1992) (failure to establish the performance prong *or* the prejudice prong of *Strickland* results in denial of Sixth Amendment claim).

There likewise is no support in the record for the ineffectiveness of trial counsel upon the claim he failed to call additional character witnesses. At the motion for new trial hearing, trial counsel explained that he called several character witnesses whose names the defendant gave. These were "people who would support his character and would help impeach [the victim's] testimony." In further testifying, trial counsel acknowledged that he had not called "a couple of the character witnesses that [defendant] wanted to call[,]" having concluded that their testimony would have been cumulative and that the testimony one of them would have provided, an ex-girlfriend, risked giving the jury the impression that the "[defendant] was more promiscuous than they were already thinking."

> The decisions on which witnesses to call and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with his client. *Austin v. Carter*, 248 Ga. 775, 779 (2) (c) (285 SE2d 542) (1982). Whether an attorney's trial tactics are reasonable is a question of law, not fact. *Jefferson v. Zant*, 263 Ga. 316, 318 (3) (a) (431 SE2d 110) (1993).

(Citations and punctuation omitted.) *Dewberry v. State*, 271 Ga. 624, 625 (2) (523 SE2d 26) (2000). In these circumstances, trial counsel's decisions regarding the witnesses he decided to call were well reasoned and appropriate.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 30, 2000.

*Ellis R. Garnett*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.