A05A1795. VASQUEZ v. THE STATE.
(621 SE2d 764)

ELLINGTON, Judge.

A Whitfield County jury found Jose Raudel Vasquez guilty of trafficking in methamphetamine, OCGA § 16-13-31. Vasquez appeals from the judgment of conviction, raising the general grounds. Finding no error, we affirm.

When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). The trier of fact, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. Id. at 318-319 (III) (B). Viewed in this light, the record reveals the following.

On July 16, 2002, a confidential informant called a narcotics supervisor with the Whitfield County Sheriff's Office and said he could set up the sale of a pound of methamphetamine from a dealer through the dealer's contact, Marco Cruz. The supervisor, who had worked with the informant on and off for four years, authorized the

informant to proceed. That same day, the supervisor searched the informant and the informant's car to make sure no drugs were present. Then the supervisor and other deputies watched as the informant picked up Cruz, drove to a carpet plant, and went inside. One deputy witnessed Cruz and the informant make contact with a Hispanic male in a white T-shirt. The informant testified that he bought $6,500 of methamphetamine from Cruz's contact inside the plant. The informant described the contact as Hispanic, wearing a white T-shirt, and working on a piece of machinery called a "hyster." The informant identified Vasquez at trial as the contact who sold him the drugs. Cruz, however, refused to testify.

After being inside the plant for about eight minutes, the informant and Cruz came back out and drove away. When the sheriffs deputies pulled the car over, they found in the back seat a 450-gram block of methamphetamine, an amount consistent with trafficking. Other deputies searched for the contact inside the carpet plant, but they were unable to find him. When the deputies described the man they were seeking to plant personnel, Vasquez's supervisor took them to an unattended hyster inside the plant.

Vasquez contends this evidence is insufficient to support the jury's guilty verdict beyond a reasonable doubt of trafficking in methamphetamine. In support of his argument, Vasquez points out the weaknesses in the State's case, asserts that the informant is the only person who positively identified him as the seller, and argues that the informant lacks credibility. As we have held, "[t]he determination of a witness' credibility, including the accuracy of eyewitness identification, is within the exclusive province of the jury." (Citations and punctuation omitted.) *Jenkins v. State*, 230 Ga. App. 166, 169 (2) (495 SE2d 647) (1998). This Court neither weighs the evidence nor determines witness credibility. Id. The jury resolves any conflicts in the evidence. *Jaber v. State*, 243 Ga. App. 562, 563 (533 SE2d 767) (2000). Further, "[t]he testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. Under these standards, the State adduced evidence sufficient to support the jury's finding of guilt beyond a reasonable doubt of trafficking in methamphetamine. Therefore, we affirm the conviction.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 21, 2005.

*Michael A. Corbin*, for appellant.
*Kermit N. McManus, District Attorney*, for appellee.