## 69060. CRADDOCK v. THE STATE.
(325 SE2d 804)

McMurray, Chief Judge.

Defendant appeals from his conviction of two counts of violation of the Georgia Controlled Substances Act (selling marijuana). *Held*:

1. Defendant contends that he was denied effective assistance of counsel due to his attorney's (different from present appellate counsel) simultaneous representation of the State's informant. "The reason a conflict of interests exists in a situation in which defense counsel is simultaneously representing a witness, even though the witness is not a co-defendant at trial, is that defense counsel might not be vigorous enough in his . . . examination of such a witness." *Lemley v. State*; 245 Ga. 350, 352 (264 SE2d 881). "It is [a] fundamental principle that the Sixth Amendment guarantee of effective assistance of counsel includes the right of an accused to be represented by an attorney free of any conflicts of interest." *Keen v. State*, 164 Ga. App. 81, 82 (1) (296 SE2d 91).

Prior to trial defendant filed a motion to require the State to disclose the identity of an informant who allegedly witnessed one of the sales of marijuana. After an in camera hearing at which the trial court examined the informant under oath, the defendant's motion was granted and the identity of the informant divulged.

At trial defendant argued a motion to postpone the trial based on the absence of the informant upon whom defendant had served a subpoena. A bench warrant was issued for the informant and the case recessed until the following day at which time the presence of the informant had been secured. The informant was sworn as a defense witness but did not testify at trial.

The trial transcript reveals that defendant's trial counsel was simultaneously representing the informant on an unrelated criminal matter. On appeal defendant argues that his trial counsel's loyalty was divided between obtaining the informant's testimony which was purportedly exculpatory of defendant and the interest of the informant in not providing testimony so as to preserve his anonymity. In this connection we note that the informant's testimony at the in camera hearing was that, "I had told them I didn't really want to come to court because I didn't want my name out and they told me that the only way they could do that was for me not to see the buy, so I made it my business not to see the buy and I went to the bathroom."

As to the informant's interest in maintaining his anonymity, for whatever reason, it is doubtful that such an interest survived the grant of defendant's motion to require the disclosure of the informant's identity. Most importantly, the record fails to show any way in which requiring the informant to testify at defendant's trial would be detrimental to the informant. See *Zuck v. Alabama*, 588 F2d 436, 439

(5th Cir.), cert. denied 444 U. S. 833 and *Mitchell v. Maggio*, 679 F2d 77, 79 (5th Cir. 1982), cert. denied 459 U. S. 912.

"In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U. S. 335, 348 (100 SC 1708, 64 LE2d 333). In the case sub judice, the defendant " 'has failed to show in the record any actual conflict of interest or how such potential conflict of interest actually impaired the attorney's performance or representation. These contentions raise only the possibility of conflict. A mere possibility of conflict is insufficient to impugn a criminal conviction amply supported by competent evidence. [Cit.]' " *Barnes v. State*, 160 Ga. App. 232, 233 (286 SE2d 519).

2. "*Holloway* [*v. Arkansas*, 435 U. S. 475 (98 SC 1173, 55 LE2d 426)] requires state trial courts to investigate timely objections to multiple representation. But nothing in our precedents suggests that the Sixth Amendment requires state courts themselves to initiate inquiries into the propriety of multiple representation in every case. Defense counsel have an ethical obligation to avoid conflicting representations and to advise the court promptly when a conflict of interest arises during the course of trial. Absent special circumstances, therefore, trial courts may assume either that multiple representation entails no conflict or that the lawyer and his clients knowingly accept such risk of conflict as may exist . . . Unless the trial court knows or reasonably should know that a particular conflict exists, the court need not initiate an inquiry." *Cuyler v. Sullivan*, 446 U. S. 335, 346-347, supra. In the case sub judice, there is nothing upon the record which reasonably suggests that a particular conflict exists. The circumstances did not require the trial court to initiate an inquiry as to possible conflicts of interest. The enumeration of error is without merit.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED DECEMBER 4, 1984 —
REHEARING DENIED DECEMBER 19, 1984 —

*Edward D. Tolley*, for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney*, for appellee.