A92A0605. SPINKS v. THE STATE.
(419 SE2d 108)

POPE, Judge.
Appellant/defendant Millard Jack Spinks appeals his conviction for aggravated assault and aggravated battery and the denial of his motion for new trial.

Construing the evidence in the light most favorably to support the verdict, the evidence showed that at approximately 1:00 a.m. on June 6, 1989, a man was attacked outside a nightclub and severely beaten. The victim, a friend accompanying the victim that night, and two bouncers from the nightclub testified that the defendant attacked the victim. The victim testified that defendant and his friend ap-

proached him and his companion in the nightclub parking lot. Defendant removed his shirt and taunted the victim to threaten him. When the victim refused, defendant hit him in the face, chased him across the street, picked him up and threw him into a store window with such force that his elbow was shattered, and then kicked the victim in the face and stomach. Defendant abandoned his attack when he saw two bouncers approaching from the nightclub.

1. Defendant first contends that the trial court erred by allowing the State to present evidence of a prior similar transaction. The State was allowed to present the testimony of a man who stated that three years earlier he was approached by defendant and after a brief conversation, defendant told him he was going to "whip his ass." The witness testified he then hit defendant. Defendant jumped the witness and they wrestled for a few minutes. The witness pushed defendant off him and attempted to go into a nearby building for help. Defendant then jumped the witness again and stabbed him in the chest and stomach.

Although evidence of prior crimes committed by a defendant is generally inadmissible, exceptions to this rule have developed allowing evidence of other crimes committed by a defendant to be admitted for limited purposes such as to show identity, plan, scheme, bent of mind, or course of conduct. *State v. Johnson,* 246 Ga. 654 (1) (272 SE2d 321) (1980). Before evidence of prior crimes is admissible, the State must show at a pretrial hearing held pursuant to Uniform Superior Court Rule 31.3 that (1) it intends to introduce evidence of the prior crime for an appropriate purpose; (2) there is sufficient evidence to establish the defendant committed the independent offense or act; and (3) there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. *Williams v. State,* 261 Ga. 640 (409 SE2d 649) (1991).

A review of the record reveals that the State met its burden at the 31.3 (B) hearing. The State introduced the similar transaction for the purpose of showing defendant's bent of mind. There was no issue as to identity because the State had a certified copy of defendant's conviction for the prior crime. There was also sufficient similarity and connection between the crimes. In both incidents, defendant approached a stranger in a public place, initiated a confrontation by the use of threats or threatening conduct, and caused substantial physical injury to both victims. We hold that the trial court did not err by allowing the State to present evidence of this prior similar transaction.

2. Defendant also asserts he was deprived of effective assistance of counsel. "[T]he burden is on the defendant claiming ineffectiveness of counsel to establish (1) his attorney's representation in specified

instances fell below 'an objective standard of reasonableness' *and* (2) there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' *Strickland v. Washington,* 466 U. S. 668, 695-96 (104 SC 2052, 80 LE2d 674) (1984)." *Williams v. State,* 258 Ga. 281, 286 (7) (368 SE2d 742) (1988). "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. [Cit.]" *Garrett v. State,* 196 Ga. App. 872, 874 (1) (397 SE2d 205) (1990).

(a) First defendant urges that trial counsel should have properly objected to evidence of defendant provoking another fight with one of the bouncers outside the same bar on the same morning as the alleged assault and battery for which defendant was convicted. The record supports the trial court's conclusion that this evidence was properly admitted as part of the res gestae of the crime with which defendant was charged. The trial court did not err in denying defendant's motion for new trial on this basis.

(b) Defendant contends that trial counsel should have attempted to mitigate the effect of the introduction of the similar transaction evidence by questioning defendant about it further while he testified. Trial counsel testified during the hearing on defendant's motion for new trial that she did not attempt to question him further about the similar transaction evidence that was introduced because "the whole thing stunk," and she did not wish to make it worse by emphasizing it. This was clearly a trial strategy decision by trial counsel and the trial court did not err by failing to grant defendant a new trial on that basis. See *Lee v. State,* 199 Ga. App. 246 (3) (404 SE2d 598) (1991).

(c) Defendant asserts that trial counsel erred by failing to solicit testimony to establish the defense she discussed during her opening argument: the victim's injuries were largely the result of his drunken condition which caused him to fall. The record reveals, however, that during defendant's case-in-chief, defendant testified that the victim fell. Furthermore, defense counsel's cross-examination of the victim's treating physician was consistent with this defense. We hold defendant's contention that defense counsel abandoned defendant's theory of defense to be without merit. "Decisions regarding what witnesses to call, juror selection, cross-examination and trial motions fall within the scope of strategic and tactical decisions. [Cit.] Deficiencies which may tend to show ineffectiveness generally evince inadequate preparation and include failure to present an available material witness, failure to consult sufficiently with the accused and inadequate investigation into the facts and the law. [Cits.]" *Spence v. State,* 163 Ga. App. 198, 199 (292 SE2d 908) (1982). We agree with the trial court's conclusion that the defendant failed to meet his burden of showing that a more probing examination of witnesses would have revealed

additional evidence to support the defense raised by trial counsel during her opening argument.

(d) Defendant finally argues that trial counsel called witnesses at trial who offered testimony that was detrimental to defendant. As defendant properly points out on several occasions the trial court had to call to defense counsel's attention that the testimony she was soliciting helped to support the State's case against defendant. A review of the record reveals that the trial court's intervention was instrumental in preventing defense counsel from prejudicing her client. Although other lawyers might have conducted defendant's defense differently, the decision on which witnesses to call is ordinarily a trial strategy decision and will not give rise to denial of effective assistance of counsel. See *Austin v. Carter,* 248 Ga. 775 (285 SE2d 542) (1982). In sum, we hold that defense counsel's representation of the defendant, although certainly not flawless, did not constitute ineffective assistance of counsel and the trial court did not err by denying defendant's motion for new trial.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED MAY 15, 1992.

*Richard L. Dickson, J. Michael Mullis,* for appellant.
*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney,* for appellee.