## A92A1476. JONES v. THE STATE.
### (425 SE2d 384)

COOPER, Judge.

Appellant was convicted by a jury of possession of cocaine with intent to distribute. His sole enumeration of error is the trial court's admission of the State's similar transaction evidence.

The evidence presented at trial showed that on April 30, 1991, while executing a search warrant at a house, two police officers found appellant in a back bedroom standing at the foot of the bed with his hands inside of a drawer. Inside the drawer was a bottle which contained 28 individually packaged pieces of crack cocaine.

"Before evidence of prior crimes is admissible, the State must show at a pretrial hearing held pursuant to Uniform Superior Court Rule 31.3 that (1) it intends to introduce evidence of the prior crime for an appropriate purpose; (2) there is sufficient evidence to establish the defendant committed the independent offense or act; and (3) there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. [Cit.]" Spinks v. State, 204 Ga. App. 249, 250 (1) (419 SE2d 108) (1992). At the Rule 31.3 (B) hearing, the State presented testimony from several police officers relating to two prior convictions and introduced certified copies of the convictions.

As to the first conviction, the evidence reflected that on February 13, 1990, two officers observed appellant in an area where drug sales frequently occur and that when appellant saw the officers, he started to walk away. Although one of the officers told him to stop, appellant continued to walk down into a drainage ditch. The officer saw appellant drop something into the ditch and place another object inside a concrete block. The second officer retrieved a pill bottle from the concrete block which contained 23 pieces of crack cocaine. The officer also found a pill bottle in the drainage ditch which contained 19 pieces of crack cocaine.

The second conviction arose from a tip received on July 10, 1989, from a reliable confidential informant, who stated that appellant was at a housing complex in possession of crack cocaine. The officers went to the housing complex and found appellant with a crack cocaine pipe

in his pocket and upon a further search, found a pill bottle containing 24 pieces of crack cocaine.

Appellant objected to the admission of the similar transaction evidence on the ground that there was insufficient similarity between the prior offenses and the charged offense. Concluding that the State demonstrated sufficient similarity, the trial court ruled that the similar transaction evidence was admissible for the purpose of showing motive and bent of mind. At trial, the State introduced certified copies of the convictions as well as the testimony presented during the Rule 31.3 (B) hearing. We find no error with the trial court's ruling. In all three of the crimes, appellant was in possession of between 18 and 28 individual pieces of crack cocaine which he concealed in a small bottle. Thus, the State demonstrated sufficient similarity between the crimes. Accordingly, we hold that the trial court did not err in admitting evidence of the prior offenses. *Spinks*, supra.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 17, 1992.

*Harrison & Willis, Bennett T. Willis, Jr.*, for appellant.
*Willis B. Sparks III, District Attorney, Howard Z. Simms, Assistant District Attorney*, for appellee.

