S05G2040. BURNS v. THE STATE.
(638 SE2d 299)

HUNSTEIN, Presiding Justice.

After appellant and Stanley Griffin were indicted together for burglary and other crimes, separate attorneys with the DeKalb County Public Defender's Office ("PDO") were assigned to represent each man. No apparent conflict of interest was found during an unrecorded conference between the trial court and defense counsel referenced in the record and the case proceeded to trial against both defendants on August 12, 2003. The jury was unable to resolve the major charges against the men and a retrial was set for October 1, 2003. The record reflects that the trial judge assigned to the October

---

retrial was the same judge who presided over the August trial six weeks earlier. Shortly before voir dire at the retrial, appellant's new PDO attorney, Latham, asserted that a conflict existed that required his withdrawal. The only conflict identified by Latham was the existence of antagonistic defenses allegedly evidenced by certain "finger pointing" statements made by both defense counsel during opening statements and closing argument at the first trial.[1] After allowing Latham to present the reasons why he thought a conflict of interest required his replacement, the judge heard from Griffin's counsel, Hankins, who had also represented him at the first trial. Hankins did not share Latham's concern and expressly stated his reasons why he considered there to be no conflict preventing Latham and him from representing appellant and Graham. The trial court denied counsel's request to withdraw and the retrial proceeded. The jury convicted appellant and the judgment entered on those convictions was affirmed on appeal in an opinion that rejected appellant's enumerated errors arising out of the alleged conflict of interest.[2] *Burns v. State*, 274 Ga. App. 687 (1) (618 SE2d 600) (2005).

We granted certiorari to consider the appellate standard applicable when lawyers in the same PDO represent, over objection, co-defendants with antagonistic defenses at a joint trial. Georgia law recognizes that joint representation by one attorney of two or more defendants whose defenses are antagonistic is impermissible where an actual conflict of interest adversely affects the attorney's performance.[3] E.g., *Ellis v. State*, 272 Ga. 763 (2) (534 SE2d 414) (2000). But

---

[1] The specific statements from the first trial identified at retrial and/or on appeal are as follows:

    (a) Counsel for Griffin in opening statement:

        I don't represent [appellant]. Don't consider what bad things or good things, especially the bad things about [appellant] that are shown to you in this courtroom that don't apply to [Griffin]. We're separate. Frankly, we don't care if you find [appellant] guilty or not. I represent Mr. Griffin and he is not guilty.

    (b) Counsel for Griffin in closing argument:

        [Y]ou have to decide for each defendant separately, [appellant] and Mr. Griffin. We are not a team. We don't care about [appellant]. Find him guilty of all three charges that he faces. . . . That's fine.

    (c) Counsel for appellant in closing argument:

        Now I'm a defense attorney. I'm not a prosecutor and it's not my business to say who did what and I'm not going to come up here and tell you anything about Mr. Griffin. He's not my concern. Whatever he was doing there that day, you'll have to decide.

[2] Appellant contended both that the trial court erred by denying Latham's request to withdraw prior to the second trial and that he was denied effective assistance of counsel because of Latham's allegedly conflicted loyalties.

[3] "A conflict of interest is involved if there is a substantial risk that the lawyer's representation of the client would be materially and adversely affected by the lawyer's own interests or by the lawyer's duties to another current client, a former client, or a third person." Restatement (Third) of the Law Governing Lawyers, § 121.

the law expressly recognizes that one attorney is not automatically precluded from representing criminal co-defendants and may proceed to do so in the absence of any conflict of interest. *Burger v. Kemp*, 483 U. S. 776, 783 (III) (107 SC 3114, 97 LE2d 638) (1987) (requiring or permitting a single attorney to represent co-defendants, often referred to as joint representation, is not per se violative of constitutional guarantees of effective assistance of counsel). As the U. S. Supreme Court stated in *Cuyler v. Sullivan*, 446 U. S. 335 (100 SC 1708, 64 LE2d 333) (1980), its holding in *Holloway v. Arizona*, 435 U. S. 475 (98 SC 1173, 55 LE2d 426) (1978)

> reaffirmed that multiple representation does not violate the Sixth Amendment unless it gives rise to a conflict of interest. [Cit.] Since a possible conflict inheres in almost every instance of multiple representation, a defendant who objects to multiple representation must have the opportunity to show that potential conflicts impermissibly imperil his right to a fair trial. But unless the trial court fails to afford such an opportunity, a reviewing court cannot presume that the possibility for conflict has resulted in ineffective assistance of counsel. Such a presumption would preclude multiple representation even in cases where " '[a] common defense . . . gives strength against a common attack.' " [Cit.]

*Cuyler*, supra, 446 U. S. at 348. Given that multiple representation alone does not amount to a conflict of interest when *one* attorney is involved, it follows that counsel from the same PDO are not automatically disqualified from representing multiple defendants charged with offenses arising from the same conduct. We therefore decline to adopt any presumed or per se rule of conflict of interest involving attorneys in the same PDO, see *New Jersey v. Bell*, 447 A2d 525 (III) (N.J. 1982) (multiple representation by public defenders does not in itself give rise to a presumption of prejudice), and hold that two attorneys from the same PDO can represent criminal co-defendants in those cases where no conflict exists.

That is the situation present in the instant case. Our review of the specific statements identified by appellant as supporting his claim of conflict[4] reveals that they do not evidence the existence of antagonistic defenses between appellant and Griffin. Counsel in these statements merely stressed to the jurors that each attorney was focused solely upon representing his respective client and did not care how the jury treated the other party. There was no "finger pointing" in these statements: counsel did not argue or even intimate that the

---

[4] See footnote 1, supra, for the statements in issue.

other defendant was guilty of the charged crimes or otherwise attempt to shift blame from counsel's own client to the other defendant for the crimes. Rather, the statements mischaracterized by appellant amounted to nothing more than mutual expressions of indifference by counsel over the outcome of the criminal charges against the other party.[5] A careful review of the record in the second trial reveals nothing that intimated, much less showed, the possible existence of any antagonistic defenses between the co-defendants either in the form of blame shifting or in the presentation of inconsistent versions of the crime. In opening statements, cross-examination of State witnesses and closing argument, both counsel pursued the same defense strategy that their respective clients were innocently present in the area of the burglary, no evidence showed they actually committed the charged crimes and no evidence showed the defendants knew each other or acted together in regard to the crimes.

We therefore conclude that appellant's attorney was under no conflict of interest in his representation of appellant at the same trial where a fellow PDO attorney represented appellant's co-defendant.[6] Accordingly, we do not reach the issue whether public defenders should be automatically disqualified or be treated differently from private law firm attorneys when actual or possible conflicts arise in multiple defendant representation cases.

Appellant also contends that the trial court's action in response to Latham's claim of conflict was constitutionally inadequate. We disagree.[7] A trial court has a duty to investigate when it knows or reasonably should know a particular conflict exists. *Cuyler*, supra, 446 U. S. at 347, fn. 2. We find that the steps taken by the trial court under the unique factual circumstances of this case[8] were adequate

---

[5] To the extent that other comments made by Griffin's counsel during the first trial may be read as intimating antagonistic defenses, appellant did not raise those statements before the Court of Appeals or this Court; furthermore, the transcript of the second trial clearly reflects that consistent with the representations by Griffin's counsel to the trial court prior to the second trial, neither those comments nor any variation thereon was repeated by Griffin's counsel during the second trial.

[6] We reject appellant's argument that Latham's (mistaken) belief that a conflict of interest existed was sufficient, in and of itself, to create a conflict.

[7] We pretermit the issue whether appellant's challenge to the adequacy of the trial court's investigation is rendered moot by our holding that there was no actual or potential conflict in this case.

[8] This case involved a specific claim of conflict that did not require taking counsel's assertion at face value but was instead based upon clearly identified comments made by counsel at an earlier trial; only a few weeks had passed since that earlier trial and the same trial judge hearing the conflict claim also presided over the earlier trial; the comments identified by counsel from the earlier trial did not establish or even intimate the existence of a conflict of interest based upon antagonistic defenses between co-defendants; and counsel who represented the co-defendant at the earlier trial was present at the time the conflict claim was raised, was questioned regarding that claim and expressly repudiated the existence of any conflict.

to ascertain that the risk of conflict raised by Latham was too remote to warrant separate counsel. See generally id.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 30, 2006.

*Wystan B. Getz*, for appellant.

*Jeffrey H. Brickman*, District Attorney, *Robert M. Coker, Daniel J. Quinn*, Assistant District Attorneys, for appellee.