A10A1664. THOMAS v. THE STATE.
(701 SE2d 202)

ELLINGTON, Judge.

A Fulton County jury found Marco Thomas guilty beyond a reasonable doubt of possession of a firearm by a convicted felon, OCGA § 16-11-131 (b). Following the denial of his motion for a new trial, Thomas appeals, contending that the trial court erred in finding that Thomas waived his counsel's conflict of interest and in considering a previous conviction in aggravation of his sentence. In addition, he contends he received ineffective assistance of counsel. For the reasons explained below, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the evidence shows the following. On January 19, 2007, the "Red Dog" team of the Atlanta Police Department conducted surveillance of an apartment complex which had generated complaints of rampant

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

drug activity. After observing Derrick White make sales to three or four customers in cars, four officers drove up in a marked patrol car to White and a group of men standing near him. Two officers saw Thomas, who was in that group, pull a silver object from his waistband and put it on the ground in front of a parked car's tire. After ordering the group of men to lie on the ground and handcuffing them, the officers retrieved the silver object Thomas had placed by the tire; it was a loaded handgun. The officers arrested Thomas for carrying a concealed weapon and arrested White and another man in the group, Kevin Lee, for possession of drugs and other offenses.

1. Thomas contends that, because his counsel and Kevin Lee's counsel both worked for the Metro Conflict Defender Office, his counsel operated under an inherent conflict of interest. Thomas contends that the trial court erred in failing to inquire before trial into whether Thomas intelligently and voluntarily waived this conflict of interest.

"Where, as here, the issue is not timely raised, only in the most flagrant of cases can it be held error for the court to fail to interject itself in the case and sua sponte to appoint separate counsel for one or more defendants where its intervention is not sought." (Citation and punctuation omitted.) *Stephens v. State*, 214 Ga. App. 183, 187 (447 SE2d 26) (1994). It is well settled that counsel from the same public defender office are not automatically disqualified from representing multiple defendants charged with offenses arising from the same conduct. *Burns v. State*, 281 Ga. 338, 340 (638 SE2d 299) (2006). A criminal defendant who, after conviction, raises the issue of conflict of interest based on the fact that his attorney and a co-defendant's attorney were employed in the same public defender office must prove that his counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance. *Burns v. State*, 274 Ga. App. 687, 690 (618 SE2d 600) (2005), aff'd, 281 Ga. 338.[2] That is, the defendant must show that his counsel slighted his defense in favor of his co-defendant and, therefore, that he was deprived of the undivided loyalty of his counsel. Id. "The premise of a defendant's claim that he was denied conflict-free assistance because of joint representation must be that his lawyer would have done something differently if there was no conflict." Id. at 391.

In this case, Thomas failed to articulate any basis for concluding that his lawyer would have done anything differently if Lee's

---

[2] "[U]nlike in the private sector where no partner or associate of a firm may represent a client with whom any of the other attorneys have a conflict of interest, an entire government office is not necessarily disqualified from a case due to the conflict of an individual attorney." *Burns v. State*, 274 Ga. App. at 690.

attorney had not also worked for the Metro Conflict Defender Office or that he slighted Thomas's defense in favor of Lee's. Accordingly, this argument presents no basis for reversal. *Burns v. State*, 281 Ga. at 340.

2. Thomas contends that the trial court erred in considering a particular conviction in aggravation of sentencing under the recidivist statute, OCGA § 17-10-7, when the State had already used that conviction in support of the charge of possession of a firearm by a convicted felon. Because Thomas did not challenge the exhibit at sentencing, however, he may not raise the issue on appeal. *Williams v. State*, 301 Ga. App. 731, 733 (3) (688 SE2d 650) (2009). See also *Winter v. State*, 252 Ga. App. 790, 791 (1) (557 SE2d 436) (2001) ("It is well settled that no issue is presented for appellate review regarding a question of evidence admissibility as to which the trial court was not called to rule upon at trial. In order to raise on appeal an impropriety regarding the admissibility of evidence, the specific ground of objection must be made at the time the evidence is offered, and the failure to do so amounts to a waiver of that specific ground.") (citations and punctuation omitted).

3. Thomas contends that his counsel's performance was deficient in several respects, which we will address seriatim.

> In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)[.] The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. [As the appellate court, we] accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

(Citations and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 75-76 (586 SE2d 313) (2003).

(a) Thomas contends his trial counsel's performance was deficient in objecting to State's Exhibit 2, his booking photo, which depicted him wearing a black shirt and was thus exculpatory, given the officers' testimony that the man who placed the gun by the tire was wearing a white shirt. Because the trial court overruled the objection, however, we conclude Thomas failed to show that he was prejudiced by this alleged deficiency.

(b) Thomas contends his counsel's performance was deficient in failing to object to an officer's testimony describing the operations of the Red Dog team in serving high-level warrants and patrolling in dangerous, high-crime areas. At the hearing on Thomas's motion for a new trial, his counsel testified that he anticipated that an objection would be overruled and that, as a matter of trial strategy, he did not wish to emphasize the testimony by raising an objection. This trial strategy, that is, avoiding an objection that would draw the jury's attention to unfavorable evidence, is not outside the wide range of reasonable professional assistance. *Sweet v. State*, 278 Ga. 320, 324 (5) (602 SE2d 603) (2004).

(c) Thomas contends his counsel's performance was deficient in failing to call Thomas as a witness in his own defense. The record shows that the trial court advised Thomas that he had a right to testify and a right to remain silent, that he would be subject to cross-examination if he testified, and that the court would instruct the jury to draw no inference from his exercise of his right to remain silent. The trial court confirmed that Thomas understood those rights and that he had discussed the matter with his attorney. At the hearing on Thomas's motion for a new trial, Thomas testified that he wanted to testify but that his counsel said it would incriminate him if he testified. His counsel testified that he discussed with Thomas the risks and benefits of testifying, that he advised Thomas that under the circumstances he was better off letting the case go to the jury without subjecting himself to cross-examination, and that Thomas concurred with that conclusion. The record authorized the trial court to find that Thomas was aware of his rights and elected to follow the reasonable tactical advice of his counsel not to testify in his own behalf. Consequently, this argument lacks merit. *Muller v. State*, 284 Ga. 70, 72 (3) (663 SE2d 206) (2008).

(d) Thomas contends his counsel's performance was deficient in failing to call as witnesses other people who were present on the night of his arrest. At the hearing on his motion for a new trial, he proffered the testimony of only one witness, Robert Wilson, a family friend who testified that he was present that night and saw that Thomas was 25 to 30 feet away from where the officers found the guns and drugs. He also testified that to his knowledge Thomas never carried a gun because he made friends with everyone and had no enemies. Wilson testified, however, that the Red Dog team had already pulled up when he arrived on the scene and that he did not see who placed the gun by the car tire. Because Thomas could have carried a gun that night and placed it by the car tire without Wilson having observed it, Wilson's testimony would not have been exculpatory of any material fact. *Silvers v. State*, 278 Ga. 45, 47 (2) (b) (597 SE2d 373) (2004). As a result, pretermitting whether counsel's

performance was deficient, the trial court was authorized to find that Thomas was not prejudiced by his counsel's failure to call Wilson as a witness. Id.

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED SEPTEMBER 1, 2010.

*Charles H. Frier*, for appellant.
*Paul L. Howard, Jr., District Attorney, Lenny I. Krick, Assistant District Attorney*, for appellee.