## S11A1226. LYTLE v. THE STATE.
(718 SE2d 296)

MELTON, Justice.

Following a jury trial, seventeen-year-old LaBryan Lytle was found guilty of felony murder and several other offenses in connection with the shooting death of Paola Cabanas.[1] On appeal, Lytle contends that he was unfairly denied his right to conflict-free counsel; that the trial court erred in failing to conduct a hearing regarding his competence to stand trial; and that his trial counsel was ineffective. We affirm.

1. Viewed in the light most favorable to the jury's verdict, the record reveals that, on July 19, 2006, Lytle and co-indictees[2] Christopher Coleman, Aerius Potts, Arlandra Deonte Holland, and Varion Shell drove to the Elizabeth Village trailer park with the stated intent of robbing someone. Four other men (co-indictees Randall Laye, Cody Buchanan, Marcus Oliphant, and Chade Ackey) met Lytle and his cohorts at Elizabeth Village to assist them in the planned robbery. At the time, Lytle was armed with a .38 revolver, and Coleman was armed with a .380 semi-automatic pistol. Several of Lytle's other accomplices were armed as well. Once at Elizabeth Village, Lytle and his compatriots noticed Pedro Espinoza smoking a

---

[1] On October 2, 2006, Lytle was indicted for malice murder, felony murder (aggravated assault), eight counts of aggravated assault, armed robbery, three counts of cruelty to children, possession of a gun during the commission of a crime, theft by receiving stolen property, and possession of a revolver by a person under the age of eighteen. Following an October 15-19, 2007 jury trial, Lytle was found guilty on all counts except malice murder, and he received a life sentence for felony murder; a life sentence for armed robbery; twenty concurrent years for three of the aggravated assault counts, twenty consecutive years for four of the aggravated assault counts; twenty concurrent years for each count of cruelty to children; five consecutive years for possession of a gun during the commission of a crime; and five consecutive years for possession of a revolver by a person under the age of eighteen. The remaining aggravated assault count was merged with the felony murder count for sentencing purposes, and the theft by receiving stolen property charge was nolle prossed. Lytle filed a motion for new trial on October 29, 2007, which was denied on January 20, 2010. Lytle's timely appeal was docketed in this Court for the April 2011 term, and was submitted for decision on the briefs.

[2] Although Lytle and his compatriots were indicted together, Lytle was tried separately from the other men.

cigarette outside the trailer he shared with his brother, Jorge, and his sister-in-law, Paola. Coleman asked Pedro for a cigarette, but Pedro declined. Randall Laye then put a gun to Pedro's head and demanded money while Potts patted Pedro down and put a gun in his mouth. Coleman and Lytle stood in front of Pedro while holding their guns. Several of the men then started beating Pedro, and Coleman stole Pedro's wallet.

When Pedro's brother, Jorge, opened the door to his trailer and saw Pedro being beaten, the assailants shot Jorge in the arm and then shot Pedro. The men then began firing their guns at the trailer and continued shooting while they fled the scene. Sabrina Monsivais, Pedro's nine-year-old niece, was injured when one of the bullets hit her in her left calf. Two other children who were also in the trailer with Sabrina were not hit. Pedro's sister-in-law, Paola, died after being hit in the leg, arm, and left side of her body.

The evidence was sufficient to enable a rational trier of fact to find Lytle guilty of all the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see also OCGA § 16-2-20 (parties to a crime).

2. Lytle contends that he was improperly denied his right to conflict-free counsel. Specifically, he argues that, because he and two of his co-indictees were assigned attorneys from the same public defender's office, and because a single investigator working for that same public defender's office investigated Lytle's case and the cases of all of the other co-indictees, Lytle's attorney operated under a conflict of interest.

As an initial matter, "counsel from the same [public defender's office] are not automatically disqualified from representing multiple defendants charged with offenses arising from the same conduct." *Burns v. State*, 281 Ga. 338, 340 (638 SE2d 299) (2006). And, the mere "possibility of conflict is insufficient to impugn a criminal conviction." *Cuyler v. Sullivan*, 446 U. S. 335, 350 (IV) (C) (100 SC 1708, 64 LE2d 333) (1980). The defendant must show that an actual conflict exists, meaning that " 'there is a substantial risk that the lawyer's representation of [him] would be materially and adversely affected by the lawyer's own interests or by the lawyer's duties to another current client, a former client, or a third person.' " *Burns*, supra, 281 Ga. at 340, n. 3.

Here, there is no evidence of record that an actual conflict existed for Lytle's attorney. Lytle was tried alone, and his counsel only represented him, which ensured that no conflict could have arisen based on his attorney's representation of multiple defendants. Furthermore, Lytle's counsel testified at the motion for new trial hearing that he did not share any information about Lytle's case with the other public defenders, nor did the public defenders who

represented two of the other co-indictees share any information with him about their cases. Moreover, the investigator used by the public defender's office merely interviewed the State's witnesses to find out what they knew, and the information gathered by the investigator actually assisted Lytle's counsel in planning his individual case. The investigator did not convey any information to Lytle's counsel that could have created any conflict of interest. Lytle's speculation that a conflict of interest necessarily arose simply because a single investigator was used and because multiple co-indictees were represented by the same public defender's office is insufficient as a matter of law to show that an actual conflict existed.[3] See *Cuyler*, supra, 446 U. S. at 350 (IV) (C).

3. Lytle argues that the trial court erred by failing to hold a hearing regarding his competency to stand trial. We disagree.

> [A] trial court is to conduct, sua sponte, a competency hearing when there is information which becomes known to it, prior to or at the time of the trial, sufficient to raise a bona fide doubt regarding the defendant's competence. [Cit.] The salient question is whether the trial court received information which, objectively considered, should reasonably have raised a doubt about the defendant's competency and alerted the trial court to the possibility that the defendant could neither understand the proceedings, appreciate their significance, nor rationally aid his attorney in his defense.

*Traylor v. State*, 280 Ga. 400, 404 (4) (a) (627 SE2d 594) (2006).

Lytle did not present any information to the trial court that should reasonably have raised a doubt about his competency and alerted the trial court to the possibility that he could neither understand the proceedings, appreciate their significance, nor rationally aid his attorney in his defense. To the contrary, Lytle testified extensively in his own defense at trial; understood the charges against him; showed no signs of irrational or other behavior that could have raised a concern from his counsel or the trial court; and presented no "medical opinion regarding his competence which would have caused

---

[3] In resolving this specific issue, we note that "we do not reach the issue whether public defenders should be automatically disqualified or be treated differently from private law firm attorneys when actual or possible conflicts arise in multiple defendant representation cases." *Burns*, supra, 281 Ga. at 341. See also *State v. Abernathy*, 289 Ga. 603, 604 (1), n. 2 (715 SE2d 48) (2011) (noting that the propriety of the assumption that "the rules for imputing conflicts operate within a single circuit public defender office in the same manner as those within a law firm" is currently before this Court in *In re Formal Advisory Opinion No. 10-1*, No. S10U1679 (docketed July 1, 2010)).

the trial court to make further inquiry about it." *Traylor* at 405 (4) (a). Under such circumstances, the trial court did not err by failing to hold a hearing regarding Lytle's competency. Id.

4. Lytle asserts that his trial counsel was ineffective for failing to properly explain to him his right to testify. In order to succeed on his claim of ineffective assistance, Lytle must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); *Fuller v. State*, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, " '[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

At the motion for new trial hearing, trial counsel testified that, after discussing with Lytle his right to testify and explaining to him that testifying would give him the opportunity to rebut Coleman's testimony against him, Lytle ultimately made the decision to testify. In fact, in his trial testimony Lytle did attempt to explain that he carried a gun only to protect himself, not because he intended to rob someone as Coleman claimed. In any event, in light of Lytle's own statements to the police that had placed him at the scene of the crime and showed that he carried a gun, it cannot be said that he was somehow prejudiced by his trial counsel's explanation of his right to testify and his explanation to Lytle regarding the potential benefits of testifying. Accordingly, Lytle's ineffective assistance of counsel claim is without merit. See, e.g., *Lupoe v. State*, 284 Ga. 576, 579 (3) (d) (669 SE2d 133) (2008).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 21, 2011.

*C. Samuel Rael*, for appellant.

*Peter J. Skandalakis, District Attorney, Anne C. Allen, Sheila E. Gallow, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.