## A11A1561. PERRY v. THE STATE.
(724 SE2d 874)

MILLER, Judge.

Following a jury trial, Benjamin F. Perry was convicted of sale of cocaine (OCGA § 16-13-30 (b)). The trial court denied Perry's motion for new trial. On appeal, Perry contends that (i) the trial court erred in admitting his prior convictions for possession of cocaine as similar transaction evidence; (ii) the trial court erred in admitting his prior drug convictions since the State's similar transactions notice was untimely and failed to list witness names and contact information; and (iii) his trial counsel was ineffective. We discern no reversible error and affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the appellant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Punctuation and footnote omitted.) *Brown v. State*, 274 Ga. App. 302 (1) (617 SE2d 227) (2005).

So viewed, the trial evidence showed that on July 28, 2008, narcotics agents with the Chattooga County Sheriff's Office conducted an undercover drug investigation and coordinated a controlled buy using a confidential informant. Prior to the controlled buy, the informant and her vehicle were searched. The officers confirmed that she did not have any drugs or other contraband in her possession. The officers then gave the informant funds for her use in consummating the controlled buy and equipped her with surveillance equipment to record the transaction.

The confidential informant drove to an area known as "the

block" and made contact with Perry, whom she had known for approximately two years. During the encounter, Perry sold the informant what was later confirmed to be crack cocaine weighing less than one gram.

After completing the transaction, the informant delivered the crack cocaine to the narcotics agents. The narcotics agents downloaded the audiotape recording of the controlled buy. Perry was later arrested and charged with the sale of cocaine offense.

At the ensuing trial, the informant testified and described the controlled buy transaction that she had consummated with Perry. The audiotape recording of the controlled buy transaction was played for the jury. In addition, the State presented similar transaction evidence of Perry's 2002, 1999, 1998, and 1994 prior convictions for sale of cocaine and possession of cocaine. At the conclusion of the trial, the jury returned a verdict finding Perry guilty as charged of the sale of cocaine offense.

1. Perry contends that the trial court erred in admitting his prior convictions for possession of cocaine as similar transaction evidence where only the certified convictions were offered to prove similarity.

> Before evidence of prior crimes is admissible, the State must show at a pretrial hearing held pursuant to Uniform Superior Court Rule ["USCR"] 31.3 that (1) it intends to introduce evidence of the prior crime for an appropriate purpose; (2) there is sufficient evidence to establish the defendant committed the independent offense or act; and (3) there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter.

(Citations and punctuation omitted.) *Jones v. State*, 206 Ga. App. 307 (425 SE2d 384) (1992). We have held that "certified copies of convictions are admissible when they are helpful in proving the identity of the defendant as the perpetrator of a similar transaction offense and *are not the sole evidence of a previous crime*." (Citations omitted; emphasis supplied.) *Shuman v. State*, 244 Ga. App. 335, 337 (3) (535 SE2d 526) (2000). Accordingly, in *Jones*, supra, 206 Ga. App. at 307-308, we upheld the trial court's admission of the defendant's prior convictions for possession of cocaine when the State presented testimony from several police officers relating to two prior convictions and introduced certified copies of the convictions.

The State in this case did not present any testimony at trial establishing Perry's prior convictions for possession of cocaine. Rather, the State's evidence was limited to the introduction of copies of Perry's guilty pleas and convictions for the two prior drug

possession offenses. Significantly, "the [S]tate's establishment of a prima facie case of similarity does not satisfy its obligation to present proof on that issue at trial." *Stephens v. State*, 261 Ga. 467, 469 (6) (405 SE2d 483) (1991). Where only the conviction itself is offered, the required proof of the similar transaction evidence is insufficient. See id.; see also *Brown v. State*, 274 Ga. 31, 32 (1) (549 SE2d 107) (2001) (ruling that "[t]he only evidence linking appellant to the [prior crime of possession of crack cocaine] was a certified conviction, which is insufficient, standing alone, to establish the required nexus" for similar transaction evidence).[1] Accordingly, the trial court's admission of the 1994 and 1999 convictions was erroneous.

Notwithstanding the error, however, we are not required to reverse Perry's instant conviction since it was highly probable that the error did not contribute to the guilty verdict. It is axiomatic that to constitute reversible error, the appellant must show harm as well as error. See *Bowdry v. State*, 211 Ga. App. 626, 627 (440 SE2d 59) (1994) ("Erroneous admission of similar transaction evidence, however, may be harmless.") (citation omitted). Here, the State presented the testimony of the confidential informant and the audiotape recording of the drug transaction, both of which established Perry's guilt of the sale of cocaine charge. Moreover, the State presented competent evidence of Perry's 2002 and 1998 prior convictions for sale of cocaine. During the trial, the State introduced the testimony of the officers involved in the investigations leading to the prior sale of cocaine convictions, along with copies of those convictions. Perry's enumeration of error does not contend that his prior convictions for sale of cocaine were admitted for an improper purpose[2] or not sufficiently similar to the current offense, which also involved his sale of cocaine. In light of the overwhelming competent evidence establishing Perry's guilt of the sale of cocaine offense, it is unlikely that the erroneous admission of the prior possession offenses con-

---

[1] The State argues that in certain types of cases, such as those involving child sexual abuse, a certified copy of the defendant's prior conviction alone is sufficient to establish the required similarity. It is true that we have held that "because of the liberal admission of similar transaction evidence in cases involving sexual offenses, especially those against children or teenagers, a certified copy of a prior conviction for a sex crime against a child may, with no other evidence, sufficiently prove that the prior crime is similar to the current crime." (Punctuation and footnote omitted.) *Washington v. State*, 286 Ga. App. 268, 269-270 (2) (648 SE2d 761) (2007). The instant case, however, did not involve a sexual offense. Rather, this case involves a drug offense. Under these circumstances, our Georgia Supreme Court has held that the State's presentation of certified copies of the prior drug convictions, alone, is insufficient to establish the required similarity. See *Brown*, supra, 274 Ga. at 32 (1).

[2] After conducting a USCR 31.3 hearing, the trial court ruled that Perry's prior convictions for sale of cocaine were admissible as similar transaction evidence to show Perry's course of conduct and intent. See *Mangum v. State*, 308 Ga. App. 84, 88 (2), n. 13 (706 SE2d 612) (2011) ("Independent crimes are admissible to show motive, intent, plan, identity, bent of mind or course of conduct.") (citation and punctuation omitted).

tributed to the verdict. See id.

2. Perry next claims that the trial court erred in admitting his prior drug convictions as similar transaction evidence since the State's notice was untimely and failed to provide the names and contact information for the witnesses involved in the similar transactions. Again, we discern no reversible error.

"Notices of the [S]tate's intention to present evidence of similar transactions or occurrences . . . shall be given and filed at least ten [10] days before trial *unless the time is shortened or lengthened by the judge.*" (Emphasis supplied.) USCR 31.1. "We have interpreted this rule as clothing the trial court with discretion which will not be controlled absent abuse. Even if the time was shortened in this case, the rule permits it." (Citation and punctuation omitted.) *Bryant v. State*, 226 Ga. App. 135, 138 (3) (a) (486 SE2d 374) (1997).

The record in this case shows that the State filed its notice of intent to introduce similar transaction evidence four days prior to trial. The State's notice requested the trial court to shorten the time for giving its notice and indicated that no prejudice resulted to the defense since the State had previously discussed its intent to introduce the similar transactions with Perry's counsel one year prior to the trial. In addition, the State had notified Perry's counsel of Perry's criminal history and its intent to introduce the similar transactions in aggravation of punishment several months prior to trial. Notably, four days prior to trial, Perry filed his jury charge requests that included a charge on similar transaction evidence, which reflected his awareness of the State's intent to introduce the similar transaction evidence. Based upon the circumstances presented, the trial court granted the State's request to shorten the time for the State's notice. No abuse of the trial court's discretion has been shown. See *Caraway v. State*, 286 Ga. App. 592, 595-596 (4) (649 SE2d 758) (2007) ("While the [S]tate did not give ten days notice as required by Uniform Superior Court Rule 31.1, that rule authorizes the trial judge to shorten the time required for giving notice of a similar transaction.") (punctuation and footnote omitted); *Woodward v. State*, 262 Ga. App. 363, 364-366 (1) (585 SE2d 687) (2003) (the trial court did not abuse its discretion in shortening the time for filing the State's similar transactions notice since the defendant had the requisite notice despite the late filing, and defense counsel and the prosecutor had discussed the prior offense several months before trial); *Ware v. State*, 191 Ga. App. 538, 538-539 (1) (382 SE2d 383) (1989) (same). Compare *Stephan v. State*, 205 Ga. App. 241, 244 (2) (422 SE2d 25) (1992) (trial court erred in admitting similar transaction evidence when State announced intent to introduce the evidence on the day of trial and failed to inform appellant of the purpose for which the similar transaction evidence was offered).

Perry further argues that the State's notice was deficient in that it failed to include the witnesses' names, their contact information, and the jurisdictions where the prior convictions arose. His argument, however, is unavailing. Significantly, the State's notice referenced the indictments from the prior cases, which contained the pertinent information identifying the witnesses and showing that each case had been prosecuted in Chattooga County. The State had also filed a notice of intent to introduce Perry's prior convictions in aggravation of punishment, which contained the same references identifying the similar transactions. Moreover, the State had provided Perry's criminal history during discovery. The State's notice referencing the prior indictments sufficiently provided the required information. See *Collier v. State*, 266 Ga. App. 345, 350 (1) (c) (596 SE2d 795) (2004) (although the State's notice should have been more specific, the trial court did not err in admitting the similar transaction evidence since the defendant failed to show how his defense was harmed as a result of the state's failure to comply fully with the notice requirements); *Talmadge v. State*, 236 Ga. App. 454, 456 (1) (b) (512 SE2d 329) (1999) (the trial court properly determined that the defendant had been given the required notice of the State's intention to introduce the similar transactions under USCR 31.1 where copies of the prior indictment and the defendant's plea agreement were attached).

3. Perry further contends that his trial counsel provided ineffective assistance.

> In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. The trial court's determination with respect to effective assistance of counsel will be affirmed unless the trial court's findings are clearly erroneous.

(Citations and punctuation omitted.) *Turner v. State*, 273 Ga. 340, 342 (2) (541 SE2d 641) (2001). Perry has not met the requisite burden in this case.

(a) Perry first argues that trial counsel was ineffective in failing to object to the agent's testimony identifying the male voice on the

audiotape as belonging to Perry. Notwithstanding Perry's argument, no reversible error has been shown.

> Although voice identification testimony is generally considered to be direct evidence, Georgia courts have construed such testimony to be opinion evidence, which, of course, is inadmissible unless the witness discloses the basis for his opinion. We also note that a witness may identify a defendant by voice recognition even though his knowledge of the accused's voice was acquired after the event to which the witness testified. And the probative value to be accorded such evidence is a matter for the jury's determination.

(Citations and punctuation omitted.) *Thomas v. State*, 222 Ga. App. 120, 120-121 (2) (473 SE2d 251) (1996). Here, after the audiotape was played for the jury, the lead agent for the undercover operation testified that the voices on the audiotape recording were those belonging to the informant and Perry. The lead agent testified that he was familiar enough with Perry's voice to recognize it, but he failed to disclose the basis for his purported familiarity. As such, the State failed to lay a sufficient foundation for the lead agent's voice identification testimony. Compare *Stevanus v. State*, 185 Ga. App. 7, 10 (2) (363 SE2d 322) (1987) (witness's voice identification testimony was properly admitted since the evidence showed that the witness had conversed with the defendant on numerous occasions and, thus, had ample opportunity to be familiar with his voice).

Nevertheless, prior to the playing of the audiotape, the informant testified that she was equipped with an electronic recording device during the controlled buy transaction, and the informant identified Perry as being the person who sold her the cocaine during the transaction. To the extent that the agent's inadmissible testimony was merely cumulative of the informant's competent testimony identifying Perry as the individual who sold her the cocaine during the recorded operation, the trial court's error in admitting the agent's testimony was harmless. See generally *Scott v. State*, 206 Ga. App. 23, 26 (1) (c) (424 SE2d 328) (1992) ("Evidence is harmless where admissible evidence of the same fact is before the jury.") (citations and punctuation omitted); *Ansley v. State*, 198 Ga. App. 452, 453 (402 SE2d 73) (1991) (same).

(b) Perry further argues that trial counsel was ineffective due to a conflict of interest. In this regard, Perry points to evidence that trial counsel previously represented the informant in her criminal drug action. Although the informant's case was later reassigned to another public defender in the circuit prior to Perry's trial, Perry argues that trial counsel nevertheless operated under a non-waivable

imputed conflict. We disagree and conclude that Perry has failed to make the requisite showing that an actual conflict of interest existed.

> Included within the constitutional right to counsel is the right to representation that is free from conflicts of interest. In order for appellant to prevail on his claim that his attorney was operating under a conflict of interest that violated his right to counsel, he must show an actual conflict of interest that adversely affected his attorney's performance. . . . Where, as here, the alleged conflict of interest is based upon defense counsel's prior representation of a prosecution witness, we must examine the particular circumstances of the representations to determine whether counsel's undivided loyalties remain with the current client, as they must.

(Citations and punctuation omitted.) *Turner*, supra, 273 Ga. at 342 (2) (a); see also *Cuyler v. Sullivan*, 446 U. S. 335, 348-349 (IV) (B) (100 SC 1708, 64 LE2d 333) (1980). The factors that may arguably interfere with effective cross-examination and the effective assistance of counsel, include:

> (1) concern that the lawyer's pecuniary interest in possible future business may cause him or her to avoid vigorous cross-examination which might be embarrassing or offensive to the witness; . . .
> (2) the possibility that privileged information obtained from the witness in the earlier representation might be relevant to cross-examination[; and]
> [(3)] . . . whether the subject matter of the first representation is substantially related to that of the second.

(Punctuation and footnotes omitted.) *Hill v. State*, 269 Ga. 23, 24 (2) (494 SE2d 661) (1998).

Here, application of the aforementioned factors militate against Perry's claim of a conflict of interest. As an initial matter, the record shows that trial counsel had only represented the informant at the time of her arraignment, and thereafter, her case was reassigned to another public defender. Trial counsel had no conversations or involvement in the informant's case after the reassignment, which occurred over a year and a half before Perry's trial. There is no evidence that trial counsel held any hope of future pecuniary gain from the informant, since trial counsel was a public defender and was not being paid by the informant for representation. Moreover, there was no evidence suggesting that trial counsel obtained privi-

leged information from the informant in the earlier representation that would have been relevant to cross-examination. Nor was there evidence suggesting that trial counsel was prevented from conducting a thorough cross-examination of the informant regarding the drug transaction in this case. To the contrary, the trial transcript reflects that trial counsel did in fact challenge the informant's credibility in a thorough cross-examination by introducing testimony and evidence that she had a pending drug charge and was possibly assisting the prosecutor with a motive toward helping her own case. In addition, the informant's drug charges were wholly separate and distinct from those involved in the instant case against Perry. "These factors, considered together with the remoteness of trial counsel's earlier representation of [the informant], lead us to reject [Perry's] claim that [his] trial counsel was impermissibly conflicted." (Punctuation omitted.) *Hill*, supra, 269 Ga. at 25 (2); see also *State v. Abernathy*, 289 Ga. 603, 603-605 (1) (715 SE2d 48) (2011) (the trial court erred in granting the defendant's motion for new trial based on a finding that trial counsel was employed in the same circuit public defender's office as initial counsel for the State's key witness, since defendant failed to show the existence of an actual conflict of interest); *Craddock v. State*, 173 Ga. App. 133, 133-134 (1) (325 SE2d 804) (1984) (defendant failed to show that trial counsel's simultaneous representation of the informant in an unrelated criminal matter amounted to an actual conflict of interest or actually impaired trial counsel's performance or representation in his case; the "mere possibility of conflict is insufficient to impugn a criminal conviction amply supported by competent evidence.") (citations and punctuation omitted).

We likewise discern no merit in Perry's argument that, under Georgia Rules of Professional Conduct, Rule 1.10 (a) (2001),[3] a non-waivable imputed conflict of interest arose when the informant's case was reassigned to another public defender. In the absence of an actual conflict of interest, however, counsel from the same public defender's office are not automatically disqualified from representing multiple defendants. See *Abernathy*, supra, 289 Ga. at 604 (1); *Burns v. State*, 281 Ga. 338, 340 (638 SE2d 299) (2006); *Thomas v. State*, 305 Ga. App. 801, 802-803 (1) (701 SE2d 202) (2010). As previously stated, Perry has failed to show an actual conflict of interest and, thus, his claim for a non-waivable imputed conflict of interest is unavailing. See *Abernathy*, supra, 289 Ga. at 604-605 (1).

---

[3] Georgia Rules of Professional Conduct, Rule 1.10 (a) (2001), provides that "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by" the rules governing conflicts of interest.

Furthermore, we note that trial counsel raised this issue prior to the commencement of trial. At that time, Perry confirmed that he had discussed the conflict with trial counsel, and expressed his desire to waive the possible conflict and to proceed to trial with the representation of his trial counsel.

> [W]here a defendant states on the record that he has discussed the case with counsel, that there is no conflict of interest and that he is satisfied to proceed, any error was induced by the defendant's statements, and induced error is impermissible. A party can not during the trial ignore what he thinks to be an injustice, take a chance on a favorable verdict, and complain later.

(Punctuation and footnote omitted.) *Gardner v. State*, 289 Ga. App. 359, 362 (657 SE2d 288) (2008). Since no actual conflict of interest has been shown, Perry's ineffective assistance claim fails. See id.; see also *Abernathy*, supra, 289 Ga. at 604-605 (1); *Craddock*, supra, 173 Ga. App. at 133-134 (1).

*Judgment affirmed. Ellington, C. J., and Doyle, P. J., concur.*

DECIDED MARCH 5, 2012.

*Jennifer A. Trieshmann*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Christopher Arnt, Assistant District Attorney*, for appellee.