S97A1968. HILL v. THE STATE.
(494 SE2d 661)

SEARS, Justice.

Catara Hill appeals her conviction for the murder of Phalonda Howard,[1] claiming that she was denied the effective assistance of counsel due to her lawyer's previous representation of a witness for the prosecution, and that the trial court erred by giving an improper sequential charge to the jury. Having reviewed the transcript of the proceedings, we conclude that no improper conflict of interest arose due to trial counsel's earlier representation, in an unrelated matter, of a witness to the murder. We also conclude that the trial court's charge to the jury did not include an impermissible sequential charge. Therefore, we affirm.

The evidence of record, construed most favorably to the jury's verdict, shows that Hill shared her apartment with her boyfriend, Derrick Nixon, who had fathered her child. In July 1992, the couple argued and, at Hill's insistence, Nixon vacated the apartment and moved into his mother's home. Shortly thereafter, Hill went to the Nixon residence, and discovered Howard with Nixon. The two women confronted one another in the home's kitchen, and Howard moved toward the sink, where there was a knife. At that point, Hill produced a revolver she had procured the previous day, and shot and killed Howard. Hill later stated that she shot Howard because she "was running her mouth off."

1. Having reviewed the evidence, we conclude that it was sufficient to enable a rational trier of fact to convict Hill of felony murder and possession of a firearm during the commission of a felony.[2]

2. The Sixth Amendment to the United States Constitution, and

---

[1] The murder occurred on July 12, 1992, and Hill was indicted on December 1, 1992 for malice and felony murder, and possession of a firearm during the commission of a felony. Hill's first conviction on all counts, rendered on August 1, 1994, was set aside by the trial court on June 22, 1995 due to discovery abuses engaged in by the State. A second trial was held on January 9-10, 1996, and Hill was found guilty of felony murder and possession of a firearm during the commission of a felony. By order entered on January 31, 1996, Hill was sentenced to life in prison on the murder count and five concurrent years on the firearms count. A motion for new trial was filed on that same day, amended on May 2, 1997, and denied on July 23, 1997. The transcript was certified by the court reporter on April 30, 1996. A notice of appeal was docketed in the trial court on July 23, 1997, and the appeal was orally argued before the court on November 17, 1997.

[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Paragraph Fourteen of our Georgia Constitution's Bill of Rights, both guarantee two correlative rights — the right to be represented by counsel of choice, and the right to a defense conducted by an attorney who is free of conflicts of interests.[3] In this case, Hill claims that she was denied the effective assistance of counsel due to the fact that, more than three years before her trial, her trial counsel had represented Nixon in an unrelated criminal matter. As the sole witness to the murder, Nixon was called by the State to testify in its case against Hill. Hill points out that her trial counsel had represented Nixon three years and three months earlier in an unrelated criminal matter, and claims that this "simultaneous" representation prevented her lawyer from vigorously cross-examining Nixon and defending her against the State's charges. We disagree.

First, there was no "simultaneous" representation in this case, since defense counsel's representation of Nixon ceased when judgment was entered against Nixon in September 1992, and Hill's trial did not commence until January 1996. The legal presumption is, of course, that an attorney-client relationship terminates once the case or controversy in which the attorney was originally employed is resolved by the entry of a final judgment.[4] Second, in cases where an alleged conflict of interest is based upon defense counsel's prior representation of a prosecution witness, we must examine the particular circumstances of the representations to determine whether counsel's undivided loyalties remain with his or her current client, as they must. In this regard, we believe that the factors that arguably may interfere with effective cross-examination (and, therefore, the effective assistance of counsel) include:

> [(1)] concern that the lawyer's pecuniary interest in possible future business may cause him [or her] to avoid vigorous cross-examination which might be embarrassing or offensive to the witness; [and (2)] . . . the possibility that privileged information obtained from the witness [in the earlier representation] might be relevant to cross-examination.[5]

Another factor that should be considered in determining whether an actual or potential conflict of interest rendered trial counsel ineffective, is whether "the subject matter of the first representation is substantially related to that of the second."[6]

---

[3] See *Wheat v. United States*, 486 U. S. 153, 160 (108 SC 1692, 100 LE2d 140) (1988); *Jones v. State*, 243 Ga. 820 (256 SE2d 907) (1979).

[4] See 7A CJS 407, Attorney & Client, § 226 (1980).

[5] *United States v. Jeffers*, 520 F2d 1256, 1264 (7th Cir. 1975).

[6] *United States v. Ross*, 33 F3d 1507, 1523 (11th Cir. 1994).

In this case, all of these criterion militate against Hill's purported conflict of interest. There is no evidence that defense counsel held out any hope of future pecuniary gain from Nixon, as, at the time Nixon testified, he was serving a 20-year sentence. Furthermore, nothing in the record suggests that privileged information known to defense counsel due to his earlier representation of Nixon prevented him from conducting a thorough cross-examination regarding the circumstances surrounding Howard's murder. Moreover, Nixon was tried and convicted on criminal charges that were wholly separate and distinct from those pending against Hill. Finally, our own review of the transcript shows that, if anything, Nixon's testimony was rather beneficial to Hill, which indicates that defense counsel would have desired to portray Nixon favorably to the jury, rather than discrediting him through harsh cross-examination.

These factors, considered together with the remoteness of trial counsel's earlier representation of Nixon, lead us to reject Hill's claim that her trial counsel was impermissibly conflicted.

3. Hill claims that the trial court erred in submitting a sequential charge to the jury in violation of *Edge v. State*.[7] We disagree.

At Hill's trial, the court correctly charged the jury on the definitions of malice murder, felony murder, and voluntary manslaughter. The trial court then instructed the jury on filling out the verdict form, and charged that:

> [t]he offense of voluntary manslaughter is a lesser included offense of the charge of murder. I've already charged you what voluntary manslaughter is. If your verdict in this case [is] you do not believe the defendant guilty of malice murder, you do not believe the defendant guilty of felony murder, but you do believe the defendant is guilty of voluntary manslaughter, then your verdict . . . would be: we the jury find the defendant guilty of voluntary manslaughter.

In *Edge*, this Court held that a charge is impermissibly sequential if it requires "the jury to consider voluntary manslaughter *only* if it has considered and found the defendant not guilty of malice murder and felony murder."[8] A charge is not sequential merely because voluntary manslaughter is defined as a lesser included offense of malice or felony murder.[9] Furthermore, *Edge* does not require a trial court to instruct a jury according to an exact formula; rather, the

---

[7] 261 Ga. 865 (414 SE2d 463) (1992).

[8] 261 Ga. at 867 (emphasis in original); see *Head v. State*, 262 Ga. 795 (426 SE2d 547) (1993).

[9] *Head*, 262 Ga. at 799.

*Edge* ruling is intended to prevent juries from finding a defendant guilty of murder without considering whether evidence of provocation or passion might authorize a verdict of voluntary manslaughter.[10]

Analyzing the trial court's charge in this case as a whole, as we must, we find that the charge was not impermissibly sequential. The charge regarding voluntary manslaughter was complete, and makes no indication that it could be considered only after malice and felony murder had been eliminated as possible verdicts. Similarly, nothing about the portion of the charge regarding the verdict form, recited above, precluded the jury's consideration of provocation or passion unless and until it found Hall not guilty of felony and malice murder. Accordingly, this enumeration also is rejected.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 26, 1998.

*Garrett & Gilliard, Michael C. Garrett,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Deborah L. Gale, Assistant Attorney General,* for appellee.

