S98A1497. SHIFLETT v. THE STATE.
(509 SE2d 633)

FLETCHER, Presiding Justice.

A jury convicted Paul Douglas Shiflett of malice murder, armed robbery, possession of a firearm by a convicted felon, possession of a firearm during the commission of a crime, and cruelty to animals.[1]

---

[1] The crimes occurred December 17, 1994. Shiflett was indicted February 21, 1995. Trial commenced on November 13, 1995 and the jury returned guilty verdicts on all counts on November 16, 1995. The trial court sentenced Shiflett to two terms of life imprisonment for murder and armed robbery, five years each on the possession charges, and twelve

He appeals, contending that his trial counsel was ineffective. Because Shiflett has not established that his counsel's performance was deficient, we affirm.

The evidence at trial showed that Shiflett and William Coleman Davis[2] planned to burglarize the home of Donald and Melody Richardson because they believed they would find money and drugs there. Shiflett believed that Donald Richardson was a drug dealer and that it would be necessary to kill anyone at home at the time of the burglary so that Richardson would not seek revenge. Shiflett had a map to the Richardson home and around Thanksgiving 1994, went with Davis and Peggy Benefield[3] to locate the home. Shortly after midnight on December 17, 1994, Shiflett and Davis returned to the Richardson home. They broke into the home, killing Melody Richardson, who was the only person home. They also killed her dog and stole three guns, a safe, and a crystal decanter containing scotch. After the murder, Shiflett sold the guns to a friend's father.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Shiflett guilty of the crimes charged.[4]

2. Shiflett contends his trial counsel was ineffective. As to each alleged ground, however, Shiflett has not established that his counsel's performance was deficient.[5] Failing to request DNA testing was not deficient since the evidence showed that the blood samples were not suitable for DNA testing. Failing to obtain evidence to support Shiflett's explanation for the blood on his clothes was not deficient since counsel did present witnesses and documentary evidence that supported the defense theory. Failing to impeach Davis with his prior convictions was not deficient when counsel thoroughly cross-examined Davis about his guilty plea for murder and armed robbery of Richardson. Finally, Shiflett presented no evidence to support his contention that pervasive prejudicial publicity warranted a change of venue and that counsel was deficient in not seeking a change of venue.

3. Shiflett failed to object to the testimony of the jailhouse informant; therefore, this issue is not preserved for review.[6]

*Judgment affirmed. All the Justices concur.*

---

months for cruelty to animals, with all sentences to run consecutively. Shiflett filed a motion for new trial on November 22, 1995, which the trial court denied on April 14, 1998. Shiflett filed his notice of appeal on May 13, 1998, which was docketed in this Court on June 11, 1998 and submitted for decision without oral argument on August 3, 1998.

[2] Davis pled guilty to murder and armed robbery prior to Shiflett's trial.

[3] Benefield pled guilty to theft by taking.

[4] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[5] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

[6] *Hartman v. State*, 266 Ga. 613, 614 (469 SE2d 163) (1996).

DECIDED DECEMBER 4, 1998.

*Gale & Henley, Teddy L. Henley,* for appellant.

*James R. Osborne, District Attorney, Grover W. Hudgins, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jayson Phillips, Assistant Attorney General,* for appellee.