## A00A0069. WILLIAMS v. THE STATE.

(528 SE2d 521)

McMurray, Presiding Judge.

A Cobb County jury convicted defendant of a single count of trafficking in cocaine, and the trial court sentenced him to confinement for a term of 30 years and a $200,000 fine. The trial court denied defendant's motion for new trial, as amended. Defendant now appeals, contending that trial counsel failed to call the State's confidential informant as a witness for conflict of interest prompted by animosity trial counsel held for the informant resulting from "dual representation" — specifically, trial counsel's representation of the informant in an earlier criminal case. Further, defendant argues that his waiver of any conflict of interest claim against trial counsel at trial was invalid, as not knowingly, voluntarily, and intelligently given.

Prior to trial, defendant filed a motion to require the State to reveal the identity of the informant who accompanied the arresting agent in the buy-bust drug transaction that resulted in defendant's arrest. The trial court granted defendant's motion following an in camera hearing conducted during its hearing on defendant's motion to suppress. In camera, the informant testified, among other things, that he had been in the arresting agent's car at the time of defendant's arrest therein. However, on subsequently being interviewed by defendant's counsel, the informant, who after reviewing the arresting agent's testimony at the probable cause hearing, changed this testimony and stated he had been outside the arresting agent's car. It is

undisputed that the trial counsel had formerly represented the confidential informant in another criminal case. Further, the record reflects that such case was dismissed for the State's nolle prosequi action in October 1995, after defendant's arrest, but more than three months before trial counsel undertook his representation of the defendant and about two and a half years before trial. At trial, neither party called the informant as a witness. *Held*:

While defendant claims his trial counsel was ineffective, he has not established that his counsel's performance was deficient and that deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674); *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590). At the hearing on the motion for new trial, trial counsel acknowledged animosity in his relationship with the confidential informant, testifying that his decision not to call the informant as a witness was in part based on the informant's attitude toward him. However, trial counsel further testified that he regarded the confidential informant's potential testimony as unpredictable and harmful to defendant's case. This amounted to no more than a decision on trial strategy. "Counsel's decisions on matters of tactic and strategy, even if unwise, do not amount to ineffective assistance of counsel. [Cits.]" *Scott v. State*, 238 Ga. App. 258, 260 (2) (518 SE2d 468). We further conclude that conflict of interest in trial counsel is here not in issue. Beyond trial counsel's decision not to call the informant as a witness, a matter of trial strategy *in* defendant's interest rather than against it, the record reflects that trial counsel did not simultaneously represent the confidential informant at the time of trial in the case sub judice. *Hill v. State*, 269 Ga. 23, 24 (2) (494 SE2d 661) ("The legal presumption is, of course, that an attorney-client relationship terminates once the case or controversy in which the attorney was originally employed is resolved by the entry of a final judgment."); see *Craddock v. State*, 173 Ga. App. 133 (1) (325 SE2d 804). Additionally, there is no indication in the record before us that trial counsel had any pecuniary interest in possible future business from the confidential informant given their strained relationship, and, neither party having called the confidential informant as a witness, the possibility that privileged information obtained from informant might have been relevant is moot. *Hill v. State*, 269 Ga. at 24 (2), supra. Consequently, we need not address the question of whether defendant voluntarily waived any objection to trial counsel's remaining in the case for alleged conflict of interest. Though given the foregoing we need not measure defendant's ineffectiveness claim for prejudice under the second prong of *Strickland v. Washington*, 466 U. S. 668, supra, see *Shiflett v. State*, 270 Ga. 308, 309 (2) (509 SE2d 633), we add that no prejudice inured to defendant's detriment for counsel's failure to call the informant as a witness

to impeach him regarding his changed testimony — the reason for not calling the informant being the immateriality of his location at the time of arrest in light of overwhelming evidence identifying defendant as the perpetrator. Accordingly, this assertion of error is without merit.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED JANUARY 20, 2000.

*Mitchell D. Durham,* for appellant.

*Patrick H. Head, District Attorney, Debra H. Bernes, Maria B. Golick, Assistant District Attorneys,* for appellee.