In the Supreme Court of Georgia

Decided:   September 22, 2014

S14A0937. HUNDLEY v. THE STATE.

BLACKWELL, Justice.

James William Hundley, Jr. was tried by a Cook County jury and convicted of murder and unlawful possession of a firearm during the commission of a felony, both in connection with the fatal shooting of Ida Golson. Hundley appeals, contending that he was denied the effective assistance of counsel. Upon our review of the record and briefs, we see no error, and we affirm.[1]

---

[1] Golson was killed on October 23, 2008. Hundley was indicted on January 12, 2009 and charged with malice murder, felony murder, aggravated assault, and unlawful possession of a firearm during the commission of a felony. His trial commenced on August 17, 2010, and the jury returned its verdict the next day, finding him not guilty of malice murder and guilty on all other counts. Hundley was sentenced to imprisonment for life for felony murder in the commission of aggravated assault and a consecutive term of imprisonment for five years for unlawful possession of a firearm during the commission of a felony. The separate aggravated assault count merged with the felony murder. Hundley timely filed a motion for new trial on August 30, 2010, and, following a hearing, the trial court denied that motion on October 15, 2013. Hundley timely filed a notice of appeal on November 14, 2013, and the case was docketed in this Court for the April 2014 term and submitted for decision on the briefs.

1. Viewed in the light most favorable to the verdict, the evidence shows that Hundley and Golson had a romantic relationship and lived together in a house with Curtis Moore. Early on the morning of October 23, 2008, after the three had been drinking heavily and Moore had gone to sleep in his bedroom, Moore heard a "bang" and found Golson lying on the floor in the living room. Hundley told Moore to "get out" and had something black in his hand. After Moore left the house, he heard another shot, went back into the house, and this time saw Hundley also lying on the floor. When police officers arrived, they found Hundley bleeding from a gunshot wound to his head and kneeling beside Golson, who had died from a gunshot wound to her chest. Hundley was yelling and uncooperative, asking officers to "please kill him." He told them that his gun was on the floor. The gun was found about three feet from Golson's body, and it later was determined to be the murder weapon and to have been fired from a distance of only two inches from her chest. While being transported in an ambulance, Hundley said that he was a failure, that he could not do anything right, that he had "done her and couldn't even do himself," and that "he f'd up." Hundley's ex-wife testified about two previous occasions on which Hundley attacked her while he was under the influence of alcohol, once when he

2

intentionally hit her with his car, and another when he punched her in the chest multiple times, sending her to the hospital.

Hundley does not dispute that the evidence is sufficient to sustain his convictions, but we nevertheless have independently reviewed the record, with an eye toward the legal sufficiency of the evidence. We conclude that the evidence adduced at trial was legally sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Hundley was guilty of the crimes of which he was convicted. Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

2. We turn now to the contention that Hundley's trial lawyer was ineffective because he failed to present a clear theory of the defense during the course of the trial and failed to object to evidence of similar transactions that were not sufficiently similar. Hundley's motion for new trial, however, stated only that he "received ineffective assistance of trial counsel," with no additional detail or argument, and the motion was never amended. At the hearing on the motion, neither Hundley nor his trial lawyer testified about the current claims, only about other areas of allegedly deficient performance, and Hundley's appellate lawyer presented no argument about the theory of the defense or the

3

similar transaction evidence. In its order denying the motion for new trial, the trial court unsurprisingly said nothing about the claims now raised on appeal. Because Hundley did not raise these claims in his motion for new trial, in any amendment of the motion, or at the hearing — and because he did not obtain a ruling on these claims from the trial court — he did not preserve the claims for review on appeal. See Jones v. State, 294 Ga. 501, 503 (2) (755 SE2d 131) (2014); Cowart v. State, 294 Ga. 333, 337-338 (3) (751 SE2d 399) (2013).

Judgment affirmed. All the Justices concur.