296 Ga. 456
FINAL COPY

S14A1531. BRYANT v. THE STATE.

BLACKWELL, Justice.

Ray Bryant was tried by a Fulton County jury and convicted of murder and other crimes, all in connection with the fatal shooting of Jurell Williams. Bryant appeals, contending that the evidence is legally insufficient to sustain his convictions and that he was denied the effective assistance of counsel. Upon our review of the record and briefs, we see no error, and we affirm.[1]

---

[1] The crimes were committed on October 18, 2006. Bryant and co-defendant Paul Mathis were indicted on February 23, 2007, and each was charged with malice murder, felony murder, two counts of aggravated assault, one count of criminal attempt to commit armed robbery, and unlawful possession of a firearm during the commission of a felony. In addition, Bryant alone was charged with unlawful possession of a firearm by a convicted felon. Bryant and Mathis were tried together, beginning on January 5, 2009. At trial, the charge of possession of a firearm by a convicted felon was dismissed by nolle prosequi. The jury returned its verdict on January 13, 2009, finding Bryant not guilty of malice murder and guilty on all the remaining counts. The jury found Mathis guilty of all the counts with which he was charged, including malice murder. Bryant and Mathis each was sentenced to a term of imprisonment for life for murder (Bryant for felony murder and Mathis for malice murder), a concurrent term of imprisonment for twenty years for aggravated assault (each was sentenced on only one count of aggravated assault, and the other count merged with the murder), a concurrent term of imprisonment for five years for criminal attempt to commit armed robbery, and a consecutive term of imprisonment for five years for unlawful possession of a firearm during the commission of a felony. Bryant timely filed a motion for new trial on January 22, 2009, and he amended it on April 4, 2011, again on November 21, 2011, again on February 27, 2012, again on September 7, 2012, and yet again on October 24, 2012. The trial court denied his motion on April 18, 2013, and Bryant timely filed a notice of appeal on May 16, 2013. The case was docketed in this Court for the September 2014 term and submitted for decision on the briefs.

1. Viewed in the light most favorable to the verdict, the evidence shows that on the evening of October 18, 2006, Bryant drove his wife's red car to the apartment complex in which Williams lived, and Bryant stopped the car near Williams, who was standing in the parking lot. Larry Foster saw Paul Mathis approach Williams and ask for "the money." When Williams denied having any money, Mathis struck Williams in the face with a gun, knocking out two teeth. Williams fell to the ground, and Mathis stood over him and asked: "You think we playing with you?" While Williams was on the ground with his hands up, Mathis fired about three shots at him. After the shooting, Bryant — who had approached Williams during the altercation — and Mathis searched Williams thoroughly, removing some of his clothing. Both Bryant and Mathis then fled in the red car, with Bryant driving. As Williams lay dying, he identified Bryant and Mathis by their nicknames, "Payday" and "Ray-Ray." And Foster later identified both Bryant and Mathis by the same nicknames, provided physical descriptions of them, and selected both from photographic lineups. A few days before the shooting, Williams told a friend that "Ray-Ray" and "Payday" had been threatening to kill him for selling marijuana in the apartment parking lot, and Bryant called and left a message laced with obscenities on Williams's phone.

2

We previously considered the evidence in this case when we heard an appeal by Mathis, whose convictions were affirmed. See Mathis v. State, 291 Ga. 268, 269-270 (1) (728 SE2d 661) (2012). We now consider this evidence anew with respect to Bryant. Bryant points to certain inconsistencies in the evidence that might call into question the credibility of certain witnesses. But when we consider the legal sufficiency of the evidence, "we must view the evidence in the light most favorable to the verdict and leave questions of credibility and the resolution of conflicts in the evidence to the jury." Edenfield v. State, 293 Ga. 370, 372 (1) (744 SE2d 738) (2013) (citation and punctuation omitted). Bryant also insists that the evidence failed to show that he shared Mathis's intent to shoot Williams. "A person who does not directly commit a crime may be convicted upon proof that a crime was committed and that person was a party to it." Powell v. State, 291 Ga. 743, 744 (1) (733 SE2d 294) (2012) (citations and punctuation omitted). See also OCGA § 16-2-20 (b) (defining parties to a crime). "Although mere presence at the scene of a crime is not sufficient to prove that one was a party to the crime, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." Powell, 291 Ga. at 744-745 (1) (citations omitted). The

fact that Bryant was merely the driver and did not actually fire the gun does not undermine the legal sufficiency of the evidence against him. See Teasley v. State, 288 Ga. 468, 469 (704 SE2d 800) (2011). The evidence showed that Bryant threatened Williams before the shooting, drove to Williams's apartment complex, approached Williams during the altercation with Mathis, searched Williams's clothing after the shooting, and drove Mathis away from the scene. It was for the jury to assess the credibility and weight of the evidence. See Powell, 291 Ga. at 745 (1). One reasonably might infer from the evidence that Bryant and Mathis shared a criminal intent with respect to the attempted robbery and shooting, and for this reason, the evidence was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Bryant was a party to the crimes of which he was convicted. Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). See also Metz v. State, 284 Ga. 614, 615 (1) (669 SE2d 121) (2008), overruled on other grounds, State v. Kelly, 290 Ga. 29, 32 (1) (718 SE2d 232) (2011); Hill v. State, 281 Ga. 795, 797 (1) (a) (642 SE2d 64) (2007); Conway v. State, 281 Ga. 685, 687 (1) (642 SE2d 673) (2007); Jordan v. State, 272 Ga. 395, 396 (1) (530 SE2d 192) (2000).

2. We turn now to Bryant's contention that he was denied the effective assistance of counsel at trial. To prevail on a claim of ineffective assistance, Bryant must prove both that the performance of his lawyer was deficient and that he was prejudiced by this deficient performance. <u>Strickland v. Washington</u>, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984). To prove that the performance of his lawyer was deficient, Bryant must show that she performed her duties at trial in an objectively unreasonable way, considering all the circumstances, and in the light of prevailing professional norms. Id. at 687-688 (III) (A). See also <u>Kimmelman v. Morrison</u>, 477 U. S. 365, 381 (II) (C) (106 SCt 2574, 91 LE2d 305) (1986). And to prove that he was prejudiced by the performance of his lawyer, Bryant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U. S. at 694 (III) (B). See also <u>Williams v. Taylor</u>, 529 U. S. 362, 391 (III) (120 SCt 1495, 146 LE2d 389) (2000). This burden, although not impossible to carry, is a heavy one. See <u>Kimmelman</u>, 477 U. S. at 382 (II) (C). We conclude that Bryant has failed to carry his burden.

(a) Bryant complains that his lawyer failed to object to Foster's testimony that he was threatened about testifying in this case and that, as a result, he was placed in protective custody. This testimony, Bryant says, amounted to improper character evidence because it was not established that the threat was connected to Bryant or made with his authorization. See Kell v. State, 280 Ga. 669, 671-672 (2) (a) (631 SE2d 679) (2006). See also Lindsey v. State, 295 Ga. 343, 348 (3) (760 SE2d 170) (2014). We have said, however, that the trial court has discretion to admit evidence of a threat to a witness that is not shown to be connected to the defendant if the evidence is relevant to explain the witness's reluctant conduct on the witness stand or his prior inconsistent statements. See Foster v. State, 294 Ga. 383, 385-386 (6) (754 SE2d 33) (2014); Williams v. State, 290 Ga. 533, 539 (2) (d) (722 SE2d 847) (2012). In this case, the evidence of the threat against Foster shed light on his initial reluctance to speak with police, to give his full name, and to make a statement. In this regard, the State argued only that Foster was afraid to talk to police, not that the threat was connected to Bryant and was circumstantial evidence of his guilt. Because the trial court would not have been required to sustain an objection to Foster's testimony about the threat, the failure of Bryant's lawyer to make such an objection does not show that Bryant was

6

denied the effective assistance of counsel. See Yancey v. State, 292 Ga. 812, 819 (4) (740 SE2d 628) (2013).

(b) Bryant also argues that his lawyer should have objected to certain testimony of Williams's former girlfriend because it amounted to improper similar transaction evidence in the absence of the showings required by Uniform Superior Court Rule 31.3 (B). But in the motion for new trial — as amended — and at the hearing on that motion, Bryant never made this claim, instead arguing only that the testimony was inadmissible hearsay. It is not surprising then that the trial court addressed the hearsay contention but did not rule on the issue that Bryant seeks to raise on appeal. "In the absence of any ruling by the trial court on this issue, there is nothing for this Court to review. Because this allegation of ineffectiveness raised by [Bryant] on appeal differs from that raised before the trial court, this ground is deemed waived." Nichols v. State, 285 Ga. 784, 785 (2) (a) (683 SE2d 610) (2009) (citations and punctuation omitted). See also Hundley v. State, 295 Ga. 703, 704 (2) (763 SE2d 717) (2014).

(c) Last, Bryant claims that his lawyer should have objected to the testimony of a firearms examiner concerning the results of her ballistics examination. Although her lab report stated that the bullet recovered from

Williams was fired from either a .357 or .38 caliber revolver, she testified at trial that the bullet was more consistent with a .357 caliber. Citing Durden v. State, 187 Ga. App. 154 (369 SE2d 764) (1988), Bryant complains that he received no notice of the examiner's latter opinion pursuant to the discovery rules. Durden construed former OCGA § 17-7-211, which was superseded in 1995 by OCGA § 17-16-4 (a) (4)[2] with respect to felony cases. See Brady v. State, 233 Ga. App. 287, 289 (2) & n. 3  (503 SE2d 906) (1998). Former OCGA § 17-7-211, however, is similar to OCGA § 17-16-4 (a) (4) in a key respect. Former OCGA § 17-7-211 provided only for the discovery of reports that "would be used as scientific evidence by the prosecution in its case-in-chief or in rebuttal against the defendant." Conyers v. State, 260 Ga. 506, 508 (4) (397 SE2d 423) (1990) (quoting former OCGA § 17-7-211 (a)). See also Durden, 187 Ga. App. at 157 (1) (quoting similar language in former OCGA § 17-7-211 (b)). Likewise, OCGA § 17-16-4 (a) (4) now provides for the discovery of a report "if the state intends to introduce in evidence in its case-in-chief or in rebuttal the results" contained in the report. Like former OCGA § 17-7-211, therefore, OCGA § 17-

---

[2] The provisions of OCGA § 17-16-1 et seq. apply in this case because Bryant opted into statutory reciprocal discovery pursuant to OCGA § 17-16-2 (a).

16-4 (a) (4) "applies only where the *state* seeks to admit scientific reports it has not timely provided to the defendant. The code sections do not prevent a co-defendant from cross-examining a witness with regard to content of a scientific report." <u>Shearer v. State</u>, 259 Ga. 51, 54 (10) (b) (376 SE2d 194) (1989) (emphasis in original). The testimony of which Bryant complains in fact was elicited by his co-defendant during cross-examination and not by the State. So it appears that the State had no obligation to provide Bryant with notice of the firearms examiner's opinion that the bullet recovered from Williams was more consistent with a .357 caliber. Moreover, under OCGA § 17-16-6, "[i]n order to gain exclusion of evidence due to a discovery violation, the party seeking exclusion must make a showing of prejudice and bad faith." <u>Bales v. State</u>, 277 Ga. 713, 716 (2) (594 SE2d 644) (2004) (punctuation omitted). Bryant has not shown how he suffered prejudice from the alleged discovery violation that would have been cured by receiving the notice to which he claims he was entitled. See <u>Leger v. State</u>, 291 Ga. 584, 587 (2) (a) (732 SE2d 53) (2012). In any event, he has made absolutely no showing that the State even knew what the firearms examiner would say on cross-examination, much less that the State elicited that information or otherwise acted in bad faith. See <u>Redding v. State</u>, 239 Ga. App.

9

718, 720-721 (3) (521 SE2d 840) (1999). Accordingly, the failure of Bryant's lawyer to object on discovery grounds to the testimony of which Bryant now complains did not amount to ineffective assistance of counsel. See Yancey, 292 Ga. at 819 (4).

Judgment affirmed. All the Justices concur.


Decided February 2, 2015.

Murder. Fulton Superior Court. Before Judge McBurney.

Robinson & Associates, Thomas S. Robinson III, for appellant.

Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Lenny I. Krick, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Ryan A. Kolb, Assistant Attorney General, for appellee.