In the Supreme Court of Georgia

Decided:   February 1, 2016

S15A1826. WHITE v. THE STATE.

BLACKWELL, Justice.

Brandon White was tried by a Richmond County jury and convicted of murder and the unlawful possession of a firearm during the commission of a crime, both in connection with the fatal shooting of Damion Collier. White appeals, contending that the evidence is insufficient to sustain his convictions and that he was denied the effective assistance of counsel. Upon our review of the record and briefs, we see no error, and we affirm.[1]

---

[1] Collier was killed on September 17, 2010. White was indicted on December 7, 2010, and charged with malice murder, felony murder, and the unlawful possession of a firearm during the commission of a crime. White was tried beginning on February 6, 2012, and the jury returned its verdict two days later, finding him guilty on all counts. White was sentenced to imprisonment for life for malice murder and a consecutive term of imprisonment for five years for unlawful possession of a firearm during the commission of a crime. The verdict as to felony murder was vacated by operation of law. Malcolm v. State, 263 Ga. 369, 371-372 (4) (434 SE2d 479) (1993). White timely filed a motion for new trial on March 7, 2012, and he amended it on November 21, 2013. The trial court denied his motion on December 22, 2014, and White timely filed a notice of appeal to the Court of Appeals on December 30, 2014. The case was transferred to this Court on April 30, 2015, where it was docketed for the September 2015 term and submitted for decision on the briefs.

1. Viewed in the light most favorable to the verdict, the evidence shows that White, accompanied by two passengers, was driving his burgundy Chevrolet Impala early on the morning of September 17, 2010. As White drove down Second Avenue in Augusta, he and his passengers passed by a group of people "hanging out" in front of some apartments. White circled back, slowed to a stop, and his front-seat passenger then fired several shots toward the group, one of which fatally wounded Collier in the chest. White sped away, hitting a speed bump and "bottoming out" as he did. Investigators later spoke with White, who was known to drive a burgundy Impala and whose car had damage to the undercarriage consistent with the marks on the speed bump. White initially denied involvement in the shooting, but he subsequently admitted that he had been driving on Second Avenue with Ernest Wideman and Alvin Sturgis when Sturgis produced what appeared to be a .38 caliber gun and started shooting. White did not testify at his trial, but his prior statements to investigators were presented to the jury.

About the sufficiency of the evidence, White argues that the evidence does not negate self-defense, as White told officers that he heard a shot coming from the other group before Sturgis fired, and the State's witnesses could not pinpoint

2

where all of the shots originated or who shot first. But the only evidence that any of the shots came from somewhere other than White's vehicle was his own statement about the first shot. And the jury was free not to believe that claim. See Amos v. State, 297 Ga. 892 (1) (778 SE2d 203) (2015); Ferguson v. State, 297 Ga. 342, 344 (1) (773 SE2d 749) (2015).

White also asserts that, even if Sturgis did shoot first, White's conduct before and after the incident showed that he did not know that Sturgis was going to shoot and the State failed to present any evidence to the contrary. "A person who does not directly commit a crime may be convicted upon proof that the crime was committed and that person was a party to it." Powell v. State, 291 Ga. 743, 744 (1) (733 SE2d 294) (2012) (citations and punctuation omitted). See also OCGA § 16-2-20 (b) (defining parties to a crime). "Although mere presence at the scene of a crime is not sufficient to prove that one was a party to the crime, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." Powell, 291 Ga. at 744-745 (1) (citations omitted). The fact that White was merely the driver and did not actually fire the gun does not undermine the legal sufficiency of the evidence against him. See Bryant v. State,

296 Ga. 456, 458 (1) (769 SE2d 57) (2015). The evidence showed that White drove Sturgis slowly past the crime scene, circled back, returned to the scene a second time, stopped before the shooting, rapidly drove Sturgis and Wideman away from the scene after the shooting, dropped them off before going to work, and lied about his presence when questioned by police. It was for the jury to assess the credibility and weight of the evidence. See id.; Escutia v. State, 277 Ga. 400, 402 (2) (589 SE2d 66) (2003). One reasonably might infer from the evidence that White and Sturgis shared a criminal intent with respect to the shooting, and for this reason, the evidence was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that White was a party to the crimes of which he was convicted. Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). See also Bryant, 296 Ga. at 458 (1); Escutia, 277 Ga. at 402 (2).

2. White contends that he was denied the effective assistance of counsel at his trial because his lawyer also had represented Wideman, and such representation of a potential witness, White says, created a conflict of interest for the lawyer. To prevail on a claim that a conflict of interest worked a denial of the effective assistance of counsel, a defendant like White — one who failed

to object to the conflict at trial — must show that "an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U. S. 335, 348 (IV) (B) (100 SCt 1708, 64 LE2d 333) (1980) (footnote omitted). See also Barrett v. State, 292 Ga. 160, 174 (3) (C) (2) (733 SE2d 304) (2012). As we consider whether White has made such a showing, we do not, however, inquire "into actual conflict as something separate and apart from adverse effect." Mickens v. Taylor, 535 U. S. 162, 172, n. 5 (II) (122 SCt 1237, 152 LE2d 291) (2002). Rather, as the United States Supreme Court has explained, an "actual conflict of interest" means "a conflict *that affected counsel's performance* — as opposed to a mere theoretical division of loyalties." Id. at 171 (II) (emphasis in original). See also Tolbert v. State, ___ Ga. ___, ___ (2) (a) (Case Number S15A1073, decided November 23, 2015). White "first asserted a conflict of interest on the part of his trial lawyer in a motion for new trial, and on that motion, he had the burden of proving that his trial lawyer had an actual conflict of interest, that is, one that significantly and adversely affected the adequacy of the representation." Tolbert, ___ Ga. at ___ (2) (a).

White relies on evidence that his trial lawyer had represented Wideman with respect to felony charges seven months before the shooting in this case and

5

then represented Wideman before and during a police interview about the shooting of Collier. Although the lawyer's representation in Wideman's prior case was undisputed, her alleged representation of Wideman for the police interview was strongly disputed. It is true that the lawyer spoke with Wideman before the interview and that, at one point during the interview, an investigator identified her as Wideman's lawyer. But Wideman signed a waiver-of-counsel form at the interview, and both the investigator and the lawyer testified that the lawyer was not representing Wideman. The lawyer explained that she met with Wideman and attended the interview to gather information for White's defense.

In any event, regardless of the precise timing and extent of the lawyer's prior representation of Wideman, White has not shown that such representation amounted to an actual conflict of interest that significantly and adversely affected the representation of White. The lawyer did not represent Wideman at trial, nor did either party call Wideman as a witness. See Williams v. State, 242 Ga. App. 1, 2 (528 SE2d 521) (2000). Cf. Tolbert, ___ Ga. at ___ (2) (a) - (d); Hill v. State, 269 Ga. 23, 24-25 (2) (494 SE2d 661) (1998). White argues that Wideman's testimony would have been important but that the lawyer's conflict of interest caused her not to call Wideman as a witness and cross-examine him

6

vigorously. In her testimony on motion for new trial, however, White's lawyer explained that she did not subpoena Wideman because his version of events would not be helpful to her client. See Abernathy v. State, 278 Ga. App. 574, 585 (3) (a) (630 SE2d 421) (2006) (decision not to call an individual as a witness "was not based upon any perceived conflict of interest, but rather was due to [the lawyer's] conclusion . . . that [the individual] would not make a good witness"). Indeed, testimony of the investigator and a sergeant who previously interviewed Wideman indicated that he likely would have testified that White was involved in gang activity. And even at the hearing on the motion for new trial, White never called Wideman as a witness.

It appears, therefore, that the lawyer's failure to call Wideman and cross-examine him as a hostile witness amounted to no more than a decision on trial strategy. See Williams, 242 Ga. App. at 2. The record does not show that this decision was "the result of a conflict of interest, as opposed to a reasonable strategic decision, an unreasonable strategic decision, or even inattention and neglect." Tolbert, ___ Ga. at ___ (2) (d) (footnote omitted). Accordingly, White has failed to establish that his lawyer's decision not to call Wideman was anything but a strategic decision, and he has failed, therefore, to show that the

7

alleged conflict of interest adversely affected the lawyer's representation in any way. See <u>Barrett</u>, 292 Ga. at 175 (3) (C) (2). For that reason, the trial court was authorized to deny White's motion for new trial on the ground that he failed to demonstrate an actual conflict of interest that significantly and adversely affected his lawyer's representation of him at trial.

<u>Judgment affirmed. All the Justices concur.</u>