**FIFTH DIVISION
MCFADDEN, P. J.,
MCMILLIAN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**May 3, 2019**

# In the Court of Appeals of Georgia

A19A0263. DAVIS v. THE STATE.

McFADDEN, Presiding Judge.

After a jury trial, Larry Michael Davis was convicted of two counts of child molestation. The trial court denied Davis's motion for new trial, and he filed this appeal. Davis argues that when denying the motion for new trial, the trial court failed to exercise his discretion and weigh the evidence in his consideration of the general grounds as required by OCGA § 5-5-21. But nothing in the trial court's order denying the motion for new trial shows that he failed to exercise this discretion. Davis argues that trial counsel was ineffective. But he has failed to show that counsel's performance was both deficient and prejudicial. So we affirm.

1. *Evidence*.

Viewed in the light most favorable to the jury's verdict, see *Bryant v. State*, 296 Ga. 456, 457 (1) (769 SE2d 57) (2015), the evidence at trial showed that the victim, who was six years old at the time, spent the night at Davis's house. In the middle of the night, the victim entered Davis's bedroom, saying that she was scared. She climbed into bed with Davis. Davis touched her between her legs with his erect penis.

Davis gave a statement to police that was introduced at trial. In his statement, Davis said that once the victim was in his bed, he fell asleep, and that when he woke up, his erect penis was out of his pants, pressing against the victim between her legs.

2. *Denial of motion for new trial.*

Davis argues that the trial court failed to exercise his discretion under OCGA § 5-5-21 when he denied the motion for new trial. Nothing in the trial court's order, however, indicates that he did not exercise his discretion or applied the incorrect standard of review.

Under OCGA § 5-5-21, "[t]he presiding judge may exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding." When a motion for new trial challenges the weight of the evidence under OCGA § 5-5-21, the trial court "sits as a thirteenth

juror. The motion is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial on this ground should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict." *King v. State*, 344 Ga. App. 244, 246 (2) (809 SE2d 824) (2018) (citation and punctuation omitted).

Davis argues that the language of the trial court's order shows that the court failed to exercise this discretion. We disagree. The trial court expressly addressed Davis's argument that the verdict was contrary to the evidence and strongly against the weight of the evidence. After concluding that the evidence was sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the trial court wrote that it found "that the verdict is not contrary to the law and principles of justice."

> [N]othing in the trial court's order indicates that it did *not* exercise its discretion or that it in any way applied the incorrect standard to its review. And as we have previously explained, in interpreting the language of an order overruling a motion for a new trial, it must be presumed that the trial judge knew the rule as to the obligation thus devolving upon him, and that in overruling the motion he did exercise this discretion, unless the language of the order indicates to the contrary and that the trial judge agreed to the verdict against his own judgment and against the dictates of his own conscience, merely because he did

3

not feel that he had the duty or authority to override the findings of the jury upon disputed issues of fact. There being no such indication here, this enumeration of error is without merit.

*Jones v. State*, 339 Ga. App. 95, 105 (4) (791 SE2d 625) (2016) (citations and punctuation omitted).

3. *Assistance of counsel*.

Davis argues that trial counsel was ineffective in three ways: he failed to investigate two possible motives of the mother of the victim to fabricate the charges against him; he failed to subpoena Davis's telephone records; and he failed to call Davis to testify at the hearing about the admissibility of his statement to police.

To prevail on his claims of ineffective assistance of counsel, Davis must show that trial counsel performed deficiently and that, but for the deficiency, there is a reasonable probability that the outcome of the trial would have been more favorable to him. See *Strickland v. Washington*, 466 U.S. 668, 687 (III), 694 (III) (B) (104 SCt 2052, 80 LE2d 674) (1984); *Wesley v. State*, 286 Ga. 355, 356 (3) (689 SE2d 280) (2010). To show deficient performance, Davis "must overcome the strong presumption that trial counsel's performance was adequate and that his decisions were made in the exercise of reasonable professional judgment. This burden is

4

extremely difficult to meet where, as here, trial counsel did not testify at the motion for new trial hearing." *Winters v. State*, 303 Ga. 127, 130 (II) (810 SE2d 496) (2018) (citations and punctuation omitted). If Davis "fails to meet his burden of proving either prong, then we do not need to examine the other prong." *Works v. State*, 301 Ga. App. 108, 114 (7) (686 SE2d 863) (2009) (citation omitted).

(a) *The two possible motives of the victim's mother.*

Davis argues that trial counsel was ineffective because he failed to investigate two possible motives the victim's mother had to fabricate the charges against him. We disagree.

At the hearing on the motion for new trial, Davis's father testified that he told trial counsel that, at the time of the incident, the mother of the victim was having an affair with Davis's wife. The father testified that Davis told him about the affair. Davis argues that trial counsel performed deficiently by failing to investigate this issue because it would have shown that the victim's mother was motivated to accuse Davis to remove him from the life that she shared with Davis's wife.

Davis's mother testified about a conversation she had with the victim's sister. According to Davis's mother, the victim's sister told her that a teenager who watched the victim and her sister while their mother worked "was making them do things."

Davis's mother testified that the sister would not elaborate. Davis's mother testified that she told trial counsel about the conversation. Davis argues that the victim's mother could have persuaded the victim to accuse Davis instead of the teenager because she needed the teenager to care for her children.

"Strategic decisions regarding which defense theories to pursue and which witnesses to call are within the exclusive province of the attorney after consultation with the client and do not amount to ineffective assistance." *Smith v. State*, 283 Ga. 237, 240 (2) (c) (657 SE2d 523) (2008) (citation omitted). Absent trial counsel's testimony regarding his decision not to pursue a bad-motive defense, Davis has not shown that the trial court erred by finding counsel's decision did not amount to ineffective assistance of counsel.

(b) *Failure to subpoena phone records*.

Davis argues that the victim's mother falsely testified that he had not called her on the night of the incident. He argues that trial counsel should have subpoenaed his phone records to contradict the victim's mother's version of events. "Having failed to make any evidentiary showing as to what the contents of the phone records would reveal[, through the production of the records or a proffer, Davis] cannot establish a

6

valid claim of ineffective assistance of counsel." *White v. State*, 293 Ga. 825, 827-828 (2) (c) (750 SE2d 165) (2013) (citations omitted).

(c) *Failure to call Davis to testify at the hearing about the admissibility of his statement to police.*

Davis argues that trial counsel was ineffective because he failed to call Davis to testify at the *Jackson v. Denno*, 378 U. S. 368 (84 SCt 1774, 12 LE2d 908) (1964), hearing about the admissibility of his inculpatory statement to police. He argues that he would have testified about the duress he was under when he made the statement.

"[P]retermitting whether trial counsel was deficient . . . in not calling him as a witness, [Davis] has shown no prejudice." *Teasley v. State*, 293 Ga. 758, 764 (4) (749 SE2d 710) (2013) (footnote omitted). Although he did not testify at the *Jackson-Denno* hearing, Davis testified at trial about the circumstances of giving his inculpatory statement. He testified that he spoke with the police for more than four hours, that the police falsely told him that they had DNA evidence, that he had not slept in three days, and that he was worried about his children.

In the order denying the motion for new trial, the trial court noted Davis's trial testimony and concluded that nothing presented would have caused the court to exclude Davis's statement. "Thus, even if [Davis] had testified similarly at the

7

*Jackson-Denno* hearing, the trial court's ruling admitting his statement would have been the same and would be upheld on appeal." *Teasley*, 293 Ga. at 765 (4). See also *Price v. State*, __ Ga. __, __ (2) (__ SE2d __) (Case No. S18A1491, decided Mar. 4, 2019) ("the employment of trickery or deceit to obtain a confession does not render the resulting statement inadmissible so long as those tactics are not designed to procure an untrue statement and also do not amount to a slightest hope of benefit or remotest fear of injury") (citations and punctuation omitted); *State v. Troutman*, 300 Ga. 616, 618-619 (2) (797 SE2d 72) (2017) (facts, including that 19-year-old, dyslexic defendant was held incommunicado at police station for nearly nine hours, was interrogated for nearly three hours, and had not slept in three days, were "insufficient to support the legal conclusion that [defendant's] statement was a result of coercive police activity and, thus, involuntary") (citations omitted).

The trial court did not err in denying Davis's motion for new trial on the ground that he received ineffective assistance of trial counsel.

*Judgment affirmed. McMillian and Goss, JJ., concur*.